STATE OF NEBRASKA, EX. REL. BOARD OF COMMISSIONERS OF LANCASTER COUNTY, v. R. D. SILVER, COUNTY CLERK.

1. **Officers:** COMPENSATION OF PUBLIC OFFICERS. A public officer must discharge all the duties pertaining to his office for the compensation allowed by law, and will not be allowed compensation for extra work unless it is authorized by statute.

2. ———: COUNTY CLERKS. The compensation allowed county
clerks by the act to amend the revenue law, approved February
18, 1877, of four cents for each description of lots and lands
upon the tax list and duplicate, is in excess of the limitation of
$1,500, and is for extra services.

ORIGINAL application for mandamus.    The case is
stated in the opinion.

*Mason & Whedon*, for the relator.

*T. M. Marquett*, for the respondent.

MAXWELL, CH. J.

The relator obtained an alternative writ of manda-
mus to compel the defendant to report certain fees re-
ceived by him as clerk of Lancaster county, including
the sum of $400 allowed him as salary under the pro-
visions of section 14, chapter 22, Gen. Stat., 380, and
the sum paid him for making out tax lists for the year
1879, as required by the act of 1877.    Laws 1877, p.
45.

The defendant answered the writ, alleging that it
was not his duty to report to the county commission-
ers of said county the sum of $667.80 received by him
for making out the tax lists.    That defendant did em-
ploy a competent assistant to aid him in preparing
said tax lists, and did pay for preparing the same the
sum of $667.80, and twenty dollars more out of his
own pocket; that said employment was made with the
full assent of said commissioners.    The defendant also
alleges that he did extra work for said commissioners,
such as issuing certificates of indebtedness, calculating
interest, which was worth the sum of $561.50; also
for work done by him outside of the duties of clerk,
made necessary by the mode of dividing the levy of

the different taxes levied by relators for the year 1878; also, extra work for preparing assessors' rolls for the year 1878, worth the sum of $200. Defendant states that he has reported and paid more fees than he is required by law to do.

Section one of the act " to regulate the fees of county judges, county clerks, sheriffs, and county treasurers," approved February 15, 1877 [Laws 1877, p. 215], provides that " every county judge, county clerk, county treasurer, and the sheriff of each county, whose fees shall in the aggregate exceed the sum of $1,500 for each county judge and county clerk, and $2,000 each for sheriffs and county treasurers per year, shall pay such excess into the treasury of the county in which they hold their respective offices; *  *  *  *  *Provided, That if the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants or deputies, then such officers may retain an amount necessary to pay for such assistants or deputies, not exceeding the sum of $700 per year—except as above provided in counties having over twenty-five thousand inhabitants—for each of such deputies or assistants, but in no instance shall such officers receive more than the fees by them respectively and actually collected; nor shall any money be retained for deputy service unless the same be actually paid to such deputy for his services. And provided further, That neither of the officers above named shall have any deputy or assistants unless the board of county commissioners shall, upon application, have found the same to be necessary; and the board of county commissioners shall in all cases prescribe the number of deputies or assistants, the time for which they shall be employed, and the compensation they are to receive."

Section two requires each of the officers named in

section one to make a report, under oath, to the board of county commissioners, on the first Tuesday of January, April, July, and October of each year, showing the different items of fees received, from whom, at what time, and for what service, and the total amount of fees received by such officer since the last report, and also the amount received for the current year.

Section three of the act to amend the revenue law, approved February 19, 1877 [Laws 1877, p. 45], provides that the county clerk shall make out the tax list immediately after the completion of the levy of the taxes for the current year, containing:

*First.* A list, in alphabetical order, of all the persons and bodies corporate in whose name any property other than real estate has been listed, with the amount of valuation thereof in a separate column opposite the name, and the total amount of taxes carried out in another column.

*Second.* A list of all the taxable lands in the county, not including town lots, in numerical order, etc., with the valuation of each tract, and the several species of taxes, and the total of all the taxes carried out in separate columns opposite each tract, etc.

*Third.* A list of all the city or town lots in such city or town in the county, commencing with the lowest number, etc.

" The county clerk shall receive for making out the tax list and duplicate thereof. the sum of four cents each for each and every description of lots and lands, and extension thereof, upon such tax list and duplicate, including footings and recapitulations."

A public officer must discharge the duties pertaining to his office for the compensation allowed by law, and no compensation for extra services can be recovered or allowed unless authorized by statute.

Section 38, chapter 13 [Gen. Stat., 238], provides that

" the county clerk shall keep his office at the county seat; shall attend the sessions of the board of county commissioners; keep the seal, records, and papers of said board; and shall sign the records of the proceedings of the board and attest the same with the county seal."*

Attending the sessions of the board is therefore one of the duties of his office, which, where the fees exceed $1500, he must discharge without extra compensation. As to certificates of indebtedness, it is sufficient to say that we know of no law authorizing county commissioners to issue them, and as to the computation of interest, so far as appears, it appertains to the duties of the office.

The act making an allowance for preparing the duplicate and tax list, being passed after that fixing the salary of clerk, appears to have been intended as compensation for extra labor. The provision for compensation is not in the original act. Gen Stat., 909. The preparation of these lists does not pertain to the ordinary duties of his office; they must be prepared with the utmost care, within a limited period, and that, too, without regard to the amount of labor required to complete them. The duties in their preparation are not of such a character as to require the constant attendance of an assistant; the legislature has therefore fixed a price to be paid as full compensation for the labor required. The rule of law is, that between two inconsistent and irreconcilable acts or sections, the last in time or position prevails. *White v. Blum,* 4 Neb., 555. *Edgar v. Greer,* 8 Clarke, Iowa, 394. *Maddox v. Graham,* 2 Met., Ky., 56. *Powers v. Barney,* 5 Blatch., 202. The defendant, therefore, is not required to report the amount paid out for preparing the tax

---

*This section re-enacted, Laws 1879, 374, Sec. 73.

list and duplicate, but must report the item of $400, paid him as salary. A peremptory writ is therefore awarded in conformity with this opinion.

JUDGMENT ACCORDINGLY.