## SAMPSON *v*. ROCHESTER.

An action does not lie, by a police officer, against a town to recover for his public services, in the absence of a vote of the town fixing his compensation.

ASSUMPSIT, to recover for services as a police officer. The town had never voted any compensation to the plaintiff, and had never fixed by vote the amount of his pay or the pay of any of the police officers at any time. The plaintiff claims to recover what his services were fairly worth. He has been paid $175. The services rendered were such as had been rendered by policemen in former years, and for which they had been paid. The selectmen, in good faith, made a contract with the plaintiff that he should perform such services as policemen had been called upon to perform, and that he should receive the same pay as had been allowed them for similar services.

*Cochrane*, for the plaintiff. The statutes define the duties of selectmen as follows : " They shall manage all the prudential affairs of the town, and perform all the duties by law prescribed." As we understand the defendants' position, the employment of policemen by the selectmen of a town for the purpose of preserving order and protecting life and property, except as compensation has been voted by such town, is outside the scope of their authority, and the town is not bound by their contract. This would seem to be in conflict with the opinion of Chief-Justice *Parker* in *Savage* v. *Rix*, 9 N. H. 265. " Selectmen, although, strictly speaking, not general agents of the town, have extensive powers—powers as general as any agents the town can appoint. They are obliged by statute in certain instances to go forward and act for the town, whether the town has acted or not; and even the vote of the town forbidding them to act would be no justification for a refusal to perform such duty." " In the exercise of their duties, it is necessary that they should not only pledge the credit of the town to pay for services to be performed and upon contracts to be executed by the other party, but also for payment where those services have been performed, or the consideration received." In providing against disturbances, and for the peace and security of the citizens of a town, by the appointment of policemen, the selectmen are acting in the exercise of a sound discretion in matters where the interest of the town is neither remote nor uncertain.

*Worcester & Gafney*, for the defendants.

STANLEY, J. The plaintiff was regularly appointed a police officer by the selectmen, and held the office during the time for which he claims to recover for his services. The town have never

voted him compensation, nor fixed his pay as a police officer; and the question is whether he can recover.   The provision of the statute on this subject is, "All police officers are by virtue of their appointment constables and conservators of the peace, and shall receive such compensation as may be voted by the town, and the same fees as constables.   G. L., *c.* 253, *s.* 5.   It is not claimed that any of the services rendered were such as constables perform in the service of process; on the contrary, the services were such as policemen are ordinarily called upon to perform.   Under the statute, the plaintiff's right to compensation depends upon the vote of the town.   If the appointment to an office to which no salary or compensation is affixed, and the performance of its duties, could under any circumstances be treated as evidence from which a promise to pay might be inferred as matter of law or fact, as is claimed by the plaintiff, on which question we express no opinion, a promise cannot be implied in this case, where the statute provides that the compensation shall depend upon the vote of the town. The legislature have the power to make the right to pay for services voluntarily rendered to the public to depend upon the action of the voters, and when such a statute exists the acceptance of an office and the discharge of the duties pertaining to it are under the implied agreement that the compensation shall be such and such only as the town may vote to pay.   *Rindge* v. *Lamb*, 58 N. H. 278; *Sikes* v. *Hatfield*, 13 Gray 347; *Farnsworth* v. *Melrose*, 122 Mass. 269.   If the appointee could be compelled to accept and perform the duties of the office, there would be force in the suggestion that he should not be left to the discretion of the town; but the acceptance is voluntary, and there is no hardship in holding that the acceptance is coupled with the condition as to pay contained in the statute.

Apart from the provision of the statute, the history of the legislation on this subject affords evidence of an intent to require the officer to look to the voters of the town for his compensation.   Rev. Sts., *c.* 114, *s.* 3, is identical with Gen. Laws, *c.* 253, *s.* 5, and Gen. Sts., *c.* 235, *s.* 6.   In 1852 a statute was passed providing for the appointment of special police officers by selectmen, and their employment in the detection and prevention of crime; and it was provided that they should receive a reasonable compensation from the town.   Laws of 1852, *c.* 1226, *s.* 2.   This was an amendment of and in addition to Rev. Sts., *c.* 114.   In the revision of 1867 this provision was omitted, and the subject of compensation left as it now appears in the Gen. Laws, and the commissioners in their report state that the change is material.   Com'rs Rep., 1867, *c.* 236, *s.* 2.

*Judgment for the defendants.*

BLODGETT, J., did not sit: the others concurred.