JOHN P. BAYHA, PLAINTIFF IN ERROR, v. THE COUNTY OF WEBSTER, DEFENDANT IN ERROR.

Officers: MUST PERFORM WORK FOR COMPENSATION ALLOWED BY STATUTE. A public officer must discharge all the duties pertaining to his office for the compensation allowed by law, and will not be allowed compensation for extra work unless it is authorized by statute.

ERROR to the district court for Webster county. Tried below before GASLIN, J.

*W. H. Strohm,* for plaintiff in error.

*Gilham & Rickards,* for defendant in error.

REESE, J.

The only question presented for decision in this case is, whether there is a legal liability against defendant in error for services rendered by plaintiff in error in the year 1883, in making out the tax list. Plaintiff in error pre- sented his claim for the sum of $440 to the commissioners of defendant in error, which was rejected. An appeal was taken to the district court, where plaintiff in error filed his petition alleging the facts of the performance of the labor, etc. A demurrer to his petition was filed, the ground of demurrer being that the petition did not state a cause of action. This demurrer was sustained, and plaintiff brings the cause into this court for review by proceedings in error.

The contention on the part of plaintiff in error is, that the duty of making out the tax list was an extra one, and not one of the ordinary official duties of the county clerk as such officer. That it is for the benefit of the county, and that there is an implied obligation to pay for it, and that he is at least entitled to there asonable value of his services.

While it is possible that there may be a moral obliga- tion resting upon defendant to render a compensation for the services rendered, yet it is quite clear there is no legal obligation.

The act of February 19th, 1877, page 46, Laws of 1877, provided that the county clerk should receive the sum of four cents for each description of lots and lands and the extension thereof on the tax list and duplicate, including footings and recapitulation. This act was an amendment of certain sections contained in the act entitled " An act to provide a system of revenue," which took effect February 15th, 1869, and repealed the act of February 26th, 1873.

The act of March 1st, 1879, Comp. Stat., Ch. 77, expressly repealed the act of 1869, together with "all acts and parts of acts supplemental to and amendatory thereof." As the act of 1877, above referred to, was amendatory of the act of 1869, it is clear that it was repealed by the act of 1879. That being the case no provision remained providing for services rendered in preparing the tax lists.

In *The State v. Silver*, 9 Neb., 88, it was held that, "A public officer must discharge the duties pertaining to his office for the compensation allowed by law, and no compensation for extra services can be recovered or allowed unless authorized by statute." Our attention has been called to no legislative act providing for the payment of such claims as the one presented by plaintiff.

It follows that the decision of the district court was correct, and its judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.