STATE OF NEBRASKA, EX REL. AGGE AXEN, TREASURER
OF STANTON COUNTY, V. JOHN B. MESERVE, TREAS-
URER OF THE STATE OF NEBRASKA.

FILED APRIL 6, 1899.   No. 10549.

1. Officers: COMPENSATION.   A public officer is required to perform the
duties of his office, however onerous they may be, for the com-
pensation fixed by law.

2. County Treasurers: STATE FUNDS: PAYMENT TO STATE TREASURER.
By section 165 of the revenue act the treasurers of the several
counties are required to pay into the treasury of the state twice
each year, and at such other times as the state treasurer may
require, all funds in their hands belonging to the state.

3. ———: ———: ———.   The duty thus imposed is not discharged by

delivering such funds to an express company or other carrier for transmission.

4. ———: ———: ———: RECEIPTS. The state treasurer is required to issue receipts to county treasurers only for state warrants actually delivered to him and for money actually paid into the treasury of the state.

5. ———: ———: ———: EXPRESS CHARGES. A county treasurer who sends state funds by express to the state treasurer, without prepayment of express charges, is entitled to receipts only for the amount received by the state treasurer after deducting the cost of carriage.

ORIGINAL application for mandamus to require the state treasurer to issue, without deducting express charges, receipts for the full amount of state funds which relator forwarded by express to the state treasury. *Writ denied.*

*John A. Ehrhardt* and *G. A. Eberly*, for relator.

References: *State v. Lincoln County,* 18 Neb. 283; Sutherland, Statutory Construction sec. 288; *Sniffen v. City of New York,* 4 Sand. [N. Y.]193; Mechem, Agency [2d ed.] sec. 653; 1 Am. & Eng. Ency. Law [2d ed.] 1117; 19 Am. & Eng. Ency. Law [1st ed.] 541.

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General, contra.*

SULLIVAN, J.

This is an original application for a writ of mandamus to compel the respondent, John B. Meserve, as state treasurer, to issue to the relator, as treasurer of Stanton county, duplicate receipts for state funds sent by express from the city of Stanton to the city of Lincoln on or about December 1, 1898. The amount forwarded was $731.57, but the express charges not having been prepaid the sum actually received by the respondent and paid into the state treasury was only $719.72. The relator contends that he is entitled to be credited with, and to receive re-

ceipts for, the entire amount delivered by him to the express company, and not merely for the net amount received by the respondent after paying the cost of carriage.   The validity of this claim is the only question for decision in the case and is raised by demurrer to the petition, which, by mutual consent, stands for the alternative writ.

We have carefully considered the various statutory provisions, as well as the text-books and adjudged cases, to which our attention has been directed, but without being persuaded that the respondent is under legal obligation to issue receipts for money which never came into his hands.   Section 165 of the revenue act is as follows: "The treasurers of the several counties shall pay into the state treasury all funds in their hands belonging thereto, on or before the tenth day of February and tenth day of October in each year, and at such other times as the state treasurer shall require, and funds so paid in shall be the identical state warrants, if any, received by the treasurer for payment of the taxes, or in coin, or in treasury notes of the United States."   This section, in plain terms, imposes on the treasurer of each county the duty of paying into the state treasury all the funds in his hands belonging to the state.   Delivery to a carrier is obviously not a fulfillment of this obligation.   The proposition needs no elaboration; it is enough to state it. With the equity of the rule we have nothing to do. · A public officer must perform every service required of him by law, and he must look to the statute for his compensation.   If it provides none, then the services are gratuitous.   (*State v. Silver*, 9 Neb. 85; *Bayha v. Webster County*, 18 Neb. 131; *Adams County v. Hunter*, 78 Ia. 328; *Decatur v. Vermillion*, 77 Ill. 315; *Troup v. Morgan County*, 109 Ala. 162; *Sampson v. Rochester*, 60 N. H. 477.)   A person accepting a public office takes it with its burdens, and whenever those become insufferably oppressive he may resort to that excellent and adequate remedy which a wise legislative foresight has provided, viz., a letter of

resignation addressed to the proper authority. The petition does not state a cause of action and the writ is therefore denied.

WRIT DENIED.