STATE OF NEBRASKA, EX REL. CYRUS E. WATSON, DEPUTY LABOR COMMISSIONER, V. LAURENCE N. ESKEW, AS- SESSOR.

FILED MAY 8, 1902.    No. 12,614.

Commissioner's opinion, Department No. 1.

1. **Assessors:** ADDITIONAL DUTIES: COMPENSATION: VALIDITY OF STATUTE. It is no objection to the validity of a statute, im- posing an additional duty on assessors, that no special provis- ion for their compensation is made.

2. **Deputy Labor Commissioner:** CONSTITUTIONALITY OF LAW. The act of 1887, imposing the duties of labor commissioner on the governor of the state, and providing for the appointment of a special deputy to assist in discharging them, is not in violation of section 26, article 5 of the state constitution.

3. **Labor Statistics:** CONSTITUTIONALITY OF LAW. The amendatory act of 1897 to sections 2066 and 2068 of Cobbey's Consolidated Statutes, requiring assessors to procure certain labor statistics, is germane to the provisions of the original act, and to the requirement of the original section 2066, that the deputy com- missioner collect statistics, and is not in violation of section 11, article 3 of the state constitution.

ORIGINAL application for a writ of mandamus to compel the respondent, as assessor, to collect certain statistics. *Writ allowed.*

*Frank N. Prout, Attorney General, Norris Brown,* and *William B. Rose,* for relator.

*F. A. Boehmer, contra.*

HASTINGS, C.

This is a mandamus to compel the collection of certain statistics by the assessor of Lancaster precinct of Lan- caster county. By the act of April 13, 1897, entitled "An act to amend sections 2066 and 2068, and to create a new section to be numbered 2071, of Cobbey's Consolidated Statutes of Nebraska, 1893, and to repeal sections 2066 and 2068 as they now stand" (Session Laws, 1897, p. 247), township and precinct assessors are required to enroll all

persons over twenty-one years of age in their respective precincts, together with their occupation. Assessors are also required to return the products of farms or manufactories during the previous year, and the wages received by wage workers. The respondent refuses to perform this duty for the reason that the act in question is, as he claims, unconsitutional and void. The grounds of this claim are that the original act of 1887 was and is unconstitutional and void because contrary to section 26 of article 5 of the state constitution, in that it creates an executive office, contrary to the inhibition of that article. It is further claimed that the amendatory act of 1897 is void for the reason that it not only attempts to amend a void act, but is not germane to the provisions sought to be amended, and hence its subject is not expressed in its title. It is further objected that the act of 1897 is void, because no compensation is provided for the assessor's work.

This latter claim is not well founded. The compensation attached by law to an office is payment for all the services required of the incumbent. *State v. Meserve,* 58 Nebr., 451. Moreover, the compensation provided for assessors is a per-diem. The act of 1897 did not change the number of hours in a day any more than it did the length of the hours. No reason is perceived why $3 per day is not just as adequate compensation for taking industrial statistics as it is for taking enumerations of property. If more days are required, the bill of the assessor will doubtless be that much larger. He would hardly need the encouragement of a special provision for compensation to induce him to claim it.

To the proposition that the act of 1887 established the office of labor commissioner in violation of section 26, article 5 of the constitution, the cases of *State v. Poynter,* 59 Nebr., 417, *State v. Burlington & M. R. R. Co.,* 60 Nebr., 741, and *State v. Fremont, E. & M. V. R. Co.,* 60 Nebr., 749, are cited, together with *Smyth v. Ames,* 169 U. S., 466, 171 U. S., 361. The first of the above cases,—*State v. Poynter,* —holds chapter 47 of the Session Laws of 1899 to be un-

constitutional for the reason that it provides, with refer-
ence to insurance companies, for a mode of taxation not in
harmony with the state constitution. It holds that these
provisions were the inducement to the passage of the rest
of the bill, and therefore that the entire act falls with the
provision relating to taxation. A somewhat careful exam-
ination of the opinion fails to disclose any suggestion that
the act in question was void because providing for an in-
surance commissioner, and so in conflict with section 26
of article 5 of the state constitution. *State v. Burlington
& M. R. R. Co., supra,* finds that chapter 60 of the Session
Laws of 1887 is void, because in the form in which it was
finally enrolled and signed it was never passed by either
branch of the legislature. The *Elkhorn Case* is simply a
reaffirmance of the preceding one. The applicability of
*Smyth v. Ames* to the case under consideration is not per-
ceived. The only conclusion in it which seems to have
relation to the matter in hand is the proposition that an
unconstitutional act is void.

The form of the act of 1887, "to provide and continue
a bureau of labor and industrial statistics and define the
duties of its officers" (Session Laws, 1887, ch. 47), was
unquestionably adopted to avoid the provisions of the
state constitution (section 26, article 5) that no other
executive state office should be continued or created, and
that the duties devolving upon officers not provided for by
the constitution should be performed by the officers therein
created. The objection to the act is that it authorizes the
governor, who is named as commissioner, to perform his
duties, as set forth in the act, by deputy. It amounts to a
contention that the authorization of deputies for the state
officers, named in the constitution, is prohibited. The
statement of the proposition seems to carry with it its own
refutation. The practice of employing deputies in such
offices has not arisen since the adoption of our constitution
of 1875. It was certainly well known to the distinguished
men who drafted that instrument, as well as to the voters
to whom it was submitted. If they had meant to forbid

any such practice, they would have done so in direct terms. The objection that the act is unconstitutional because the duties provided in it may be performed by deputies, can not be sustained.

The other objection raised is to the constitutionality of the amendatory act. The basis of the objection is that it is not germane to the sections proposed to be amended, and therefore its subject is not indicated in its title, and that it is consequently a violation of section 11, article 3 of the state constitution. The title of the amendatory act is given above. It purports to amend two sections and add another to Cobbey's Consolidated Statutes of 1893. and to repeal the two sections as they then stood. The chapter in which these sections occur in Cobbey's Statutes is headed "Labor" and consists of the act of 1887, before discussed, with some other provisions. The amendment to section 2066 consists in the insertion bodily into this section of a provision for the posting up in factories and workshops of the laws and regulations with reference to child labor, hours of labor, and provisions for health and safety of the employees, and the establishment of a penalty for destroying such notices, which had previously formed section 2068. For section 2068 was substituted the provisions for collecting statistics on the part of the assessors as above stated, and a provision that these should be returned to the county clerk, who should forward summaries of them to the deputy commissioner. These statistics are to be compiled by the deputy commissioner in his biennial report to the governor. Of course, if these new provisions are germane to the matters contained in the original sections, they are sufficiently covered by their title as an amendatory act. *Dogge v. State,* 17 Nebr., 140; *State v. Berka,* 20 Nebr., 375. In *Miller v. Hurford,* 11 Nebr., 377, 381, cited by respondent, a section of the revenue law, which originally provided that taxes upon real property should be a perpetual lien, was under consideration. It was held that any amendment in relation to the lien or its enforcement would be valid. In this case the original

section 2066 provided for the gathering of facts and statistics by the deputy commissioner. The new act provided for the furnishing him with such facts and statistics through county clerks and assessors. Section 4 of the original act contained extensive provisions as to the collection, collation and publication of such facts. The requirement that these precinct officers should assist in this process seems entirely germane, not only to the other provisions of this act, but to the especial one of original section 2066 as to the gathering of statistics by the deputy commissioner, and seems to be covered by the comprehensive title of the original act, "To provide and to continue a bureau of labor and industrial statistics." No act of the legislature should be held unconstitutional unless such holding is clearly requisite to a fair and full application of constitutional requirements to such legislation. In this case it does not seem necessary. To maintain a bureau of statistics, it is clearly necessary that some one gather them; and to a provision that a deputy labor commissioner shall do so it seems that an amending provision that it shall be the duty of assessors is germane.

We do not find the original act or the amendment void for any of the reasons urged, and it is recommended that the peremptory writ of mandamus prayed for in this case be allowed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the peremptory writ prayed for in this case is allowed.

WRIT ALLOWED.