NUCKOLLS COUNTY v. WILLIAM M. PEEBLER.

FILED JULY 1, 1902.    No. 11,966.

Commissioner's opinion, Department No. 1.

Public Officer: COMPENSATION: ADDITIONAL DUTIES. A public officer must perform the duties of his office for the compensation fixed by law; and if the legislature by statute imposes additional duties upon him, but provides no additional compensation therefor, such extra work must be performed gratuitously.

ERROR from the district court for Nuckolls county. Tried below before STUBBS, J.  *Reversed.*

*E. D. Brown,* for plaintiff in error.

*H. H. Mauck* and *F. H. Stubbs, contra.*

KIRKPATRICK, C.

This is an action brought by William M. Peebler, who was county judge of Nuckolls county, against the county of Nuckolls, to recover the sum of $32.05, alleged to be due him for services performed in and about the appointment of judges and clerks of election for the year 1898. The claim was filed before the county commissioners by Peebler, duly verified, and set out certain items claimed to be due for services rendered. The claim filed was in the following language:

"To Wm. M. Peebler, County Judge; 1898, Oct. 12, To 95 certificates to clerks and judges of election at 25 cents each, $22.50; To 19 certificates to the county clerk of appointment of clerks and judges of election at 25 cents each, $4.75; To filing 48 certificates of nominations of clerks and judges of election at 10 cents each, $4.80; total, $32.05."

This claim was wholly disallowed by the county board, from which an appeal was duly prosecuted by defendant in error to the district court, where a petition was filed setting up that he was the county judge, and had performed the services alleged, and presented the same claim upon which action was taken by the county board. To this petition a general demurrer was interposed by the county, which was by the district court overruled; the county electing to stand upon its demurrer. A judgment was entered in favor of Peebler for the full amount claimed by him, and from this judgment the county prosecutes error to this court.

It is not claimed by defendant in error that the statute, in express language, authorizes the allowance to the

county judge of the fees which he claims; but it is contended that under the terms of section 8, chapter 28, Compiled Statutes, providing for fees for county judges, the items claimed should have been allowed. After a careful examination of the question presented, we are of opinion that this contention can not be sustained. There can be no doubt that it is within the power of the legislature, from time to time, to require at the hands of the county judge the performance of additional duties, and that unless, by the terms of the statute, compensation for such added duties is provided, they must be performed without extra charge. In the case of *State v. Sliver*, 9 Nebr., 85, 88, it was said: "A public officer must discharge all the duties pertaining to his office for the compensation allowed by law, and will not be allowed compensation for extra work unless it is authorized by statute." This rule has been adhered to in *Bayha v. Webster County*, 18 Nebr., 131; *Stoner v. Keith County*, 48 Nebr., 279. Again, in *State v. Meserve*, 58 Nebr., 451, this court, speaking by SULLIVAN, present chief justice, said: "A public officer must perform every service required of him by law, and he must look to the statute for his compensation. If it provides none, then the services are gratuitous." The question whether or not defendant in error was required to perform all the acts he did in relation to the matter is not presented in this case, and will not be decided. But there can be no doubt that no provision is made in the statute providing for fees to be paid to the county judge for performance of the services rendered.

The judgment of the trial court in overruling the demurrer is wrong, and it is therefore recommended that the same be reversed, and the cause dismissed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause dismissed.

REVERSED AND DISMISSED.