O'Shea v. Kavanaugh.

---

THOMAS O'SHEA ET AL. V. D. C. KAVANAUGH ET AL.

FILED JULY 22, 1902.   No. 11,528.

Commissioner's opinion, Department No. 1.

1. **Fees:** OFFICIAL SERVICES: STATUTE: EXCESSIVE CHARGE. An officer can only charge such fees for the performance of official services as are authorized by statute, and any charge in excess of the fees provided by statute is illegal and unauthorized.

2. **Sheriff:** COMMISSION: MONEY PAID DIRECTLY BY DEBTOR TO CREDITOR. Under the provisions of section 5, chapter 28, Compiled Statutes, a sheriff is authorized to charge commission only upon moneys actually received and disbursed by him; and where the decree is satisfied prior to sale, and the money is paid directly

by the execution debtor to the creditor, a commission charged
by the sheriff on such money is illegal and unauthorized.

3. **Fifty-Dollar Penalty:** Motion to Retax Costs. The fact that a
litigant against whom the sheriff has charged and collected
fees not authorized by law has a remedy by motion to retax
costs, does not deprive him of his right to proceed against the
sheriff and his bondsmen under section 34, chapter 28, Compiled
Statutes, for the recovery of the fifty-dollar penalty therein
provided.

4. **Action Against Sheriff and Bondsmen:** Copartnership: Individual
Members. A cause of action in favor of a copartnership against
a sheriff and his bondsmen to recover the penalty provided by
section 34, chapter 28, Compiled Statutes, does not abate by
the dissolution of the copartnership, but survives to the indi-
vidual members of such copartnership.

Error from the district court for Platte county. Tried
below before Hollenbeck, J. *Reversed.*

*M. J. Moyer,* for plaintiffs in error.

*Reeder & Albert, contra.*

Kirkpatrick, C.

This is an action brought in the district court for Platte
county by Thomas O'Shea and Willis McBride, against D.
C. Kavanaugh, sheriff, and certain others who were sure-
ties on his official bond, for the recovery of certain costs
paid to the sheriff, which it is claimed were illegal, and for
the recovery of the fifty-dollar penalty provided by statute
for receiving fees in excess of those authorized by statute.
Plaintiffs in error in their petition allege that they had
brought suit for foreclosure of a mortgage in the district
court of Platte county, which had progressed so far that a
decree had been entered foreclosing the mortgage, upon
which an order of sale had been issued and placed in the
hands of the sheriff, defendant in error Kavanaugh; that
said sheriff had proceeded to advertise the property upon
which the decree of foreclosure was had; that some time
before the day of sale plaintiffs entered into an agreement
with the defendant in the foreclosure case, by the terms of
which a private sale was had of the lands described in the

decree to an outside party, who was to pay a certain amount of cash and satisfy certain incumbrances, and give security for the remainder of the purchase price; that in accordance with this arrangement the sale was actually made to a third party, who, it is alleged, paid the money to plaintiffs in error in accordance with the agreement, and that they accordingly satisfied the decree, and paid to the clerk of the district court for the use of the clerk and sheriff the costs in the foreclosure case; that by the terms of the agreement made with the defendant in the foreclosure case plai:.tiffs in error were to pay all the costs of the foreclosure, which they did; that defendant in error Kavanaugh charged and collected from plaintiffs in error, as his fees in said foreclosure case, the following items: Serving notices, $1.50; certificates of liens, $3; levy, $1; calling appraisers, $.50; swearing appraisers, $.50; fees of appraisers, $1; mileage of appraisers, $.20; copy of appraisement, $1; advertisement of sale, $1; costs of publication, $9.25; commission on judgment, $29.47; return of order of sale, $1; mileage, $3.30,—making a total of $52.17. Defendants in error in their answer admit that Kavanaugh, as sheriff, had placed in his hands an order of sale for execution, as alleged, and deny generally all the other allegations of the petition. Trial was had to a jury, which resulted in a verdict and judgment for defendants in error, to reverse which the case is brought to this court upon error. It is alleged that the court erred in the giving and refusal to give certain instructions requested by plaintiffs in error, and that the verdict is not sustained by sufficient evidence.

The several assignments of error resolve themselves into the question whether under the evidence the fees charged and collected by Kavanaugh as sheriff were legal. The facts disclosed by the record, briefly stated, are as follows: On January 27, 1896, an order of sale was issued upon a decree of foreclosure in favor of plaintiffs in error, was delivered to Kavanaugh as sheriff, and on January 30, 1896, he duly advertised the land to be sold March 2d, 1896. On

48

February 5, 1896, plaintiffs in error entered into an agreement with the defendant in the foreclosure case for the sale of the premises to one Schueth, and on February 29, two days before the date set for the sale, Willis McBride appeared at the office of the clerk of the district court with a prospective purchaser of the land, and asked the sheriff to figure up his costs, and hand a statement either to Mc-Bride or the clerk of the court. The evidence is conflicting as to just what occurred in the office of the clerk, McBride claiming that the purchaser paid the money direct to him, and that he satisfied the decree and paid to the clerk the costs in the case, while the purchaser of the land and the sheriff and the clerk swear that the money was paid to the clerk by the purchaser, and by the clerk paid over to Mc-Bride except a sufficient amount to pay the costs in the case. It is admitted, however, that the clerk made no entry upon the records of his office of the receipt or disbursement of the money. The sheriff made returns of the order of sale after the satisfaction of the decree.

It is claimed by plaintiffs in error that the following items of costs were in excess of the fees allowed by law, viz.: serving notice, $1.50; for copy of appraisement, $1,—which latter charge it is claimed should have been but 25 cents. For advertising sale, the sheriff charged and collected $1; which charge, it is claimed, should have been but 50 cents. The sheriff charged for levy of order of sale $1, and for return of order of sale $1. It is contended that he was entitled to $1 for levy and return, but not $1 for the levy and $1 for the return. It is further claimed that the charge of $29.47 charged as commission upon money due upon the decree, is illegal. It is the settled rule in this state that an officer can charge only such fees for the performance of services as are allowed by law, and that services performed by an officer for which the statute does not expressly authorize a charge must be performed gratuitously. *Stoner* v. *Keith County*, 48 Nebr., 279; *State* v. *Meserve*, 58 Nebr., 451. The sheriff testified that the item of $1.50 for serving notices is a charge made by him for

giving notice to the treasurer, county clerk and clerk of the district court, each, for certificates of liens upon the real estate which he was about to sell. This charge is clearly illegal and unauthorized. The statute authorizes no such fees. The sheriff was authorized to charge but 25 cents for a copy of the appraisement (*Phœnix Ins. Co. v. McEvony*, 52 Nebr., 566), and his charge of $1 was to the extent of 75 cents illegal and unauthorized. The sheriff was authorized to charge 50 cents in addition to the amount actually paid to the publisher for his services in preparing the notice and procuring its publication, and his charge of $1 was to the extent of 50 cents illegal and unauthorized. The charge of $1 for the levy was illegal, as no levy was necessary. *Burkett v. Clark,* 46 Nebr., 466.

The only remaining item which it is claimed is an illegal charge is the item of $29.47 as commission on the money represented by the decree. Section 5, chapter 28, Compiled Statutes, under which it is sought to justify the charge, is as follows: "Commission on all money received and disbursed by him on execution, or order of sale, order of attachment, decree, or on sale of real or personal property, shall be for each dollar not exceeding four hundred dollars, three cents; for every dollar above four hundred dollars and not exceeding one thousand dollars, two cents; for every dollar above one thousand dollars, one cent: *Provided,* That in all cases where no money is received or disbursed by him, no percentage shall be allowed." It is claimed by defendants in error, and this view was evidently entertained by the learned trial judge, that the money represented by the decree of foreclosure should have been paid to the sheriff and disbursed by him, and that the clerk, in receiving and paying out the money, was acting for the sheriff, and that the sheriff is entitled to a commission on the amount of the money represented by the decree in all respects as though a sale of the premises had been made by the sheriff, and the money received and disbursed by him. We are unable to accept this view. There can be no doubt that it was the purpose of the legislature in pro-

viding that the sheriff should have a commission on moneys collected and disbursed by him, to pay the sheriff for the services performed, and also to compensate him for whatever risk there might be in collecting, keeping and disbursing the money. If this was the purpose of the legislature, it is quite apparent that the sheriff would not be entitled to commission upon money which never came into his hands. It is clear in the case at bar that the money was paid by the purchaser of the land to plaintiff in error. Whether it passed through the hands of the clerk of the district court or not, we regard as wholly immaterial. The sheriff never received it, and never paid it out. There can be no doubt that had the money been lost, and an action brought against the sheriff and his bondsmen for the money, there could have been no recovery, for the reason that the money never was paid to the sheriff or disbursed by him, and never came into his hands. If he had never received it in his official or any other capacity, and he and his bondsmen were not liable for it, then it seems clear that he would not be entitled to a commission for its collection and disbursement. The supreme court of Ohio, in the case of *Vance v. Bank of Columbus,* 2 Ohio, 214, in construing a statute in that state which contained the clause, "poundage on all moneys made on execution, two per cent.," said: "The phrase 'money made on execution,' can only relate to such sums as are actually paid into the sheriff's hands, upon the execution. The money is not made by the officer, when paid directly by the debtor to the plaintiff. A different construction would imply that the poundage was given merely to swell the bill of costs, and increase the sheriff's perquisites, and to this we can not assent. We agree with the counsel, that it is given as a compensation for services really performed. When this is not done compensation can not be claimed." Again, in *Fiedeldey v. Diserens,* 26 Ohio St., 312, the supreme court of Ohio said: "Where land is sold on execution or order of sale, and before confirmation of the sale by the court, the judgment or decree is satisfied by payment to the plaintiff, and the sale is thereupon set

aside, the officer making the sale is not entitled to 'pound-age' on the purchase money for which the land was so sold, the same not being 'money actually made and paid,' within the meaning of the statute." It follows from what has been said that the contention of plaintiffs in error that the verdict is not sustained by the evidence is well taken, and must be sustained.

It is claimed by defendants in error that inasmuch as the costs claimed to be illegal were paid by the copartnership of O'Shea & McBride, and that after the fees were paid and before the commencement of the present action the copartnership was dissolved, the right of action against the sheriff did not survive; that the copartnership is a separate entity, and that after the dissolution thereof the individuals composing the same can not maintain the action. We are unable to see any merit in this contention. It is disclosed by the testimony that Thomas O'Shea and Willis McBride, plaintiffs in error, were the sole members of the firm of O'Shea & McBride, and we are of the opinion that they are entitled to maintain this action.

Again, it is contended that section 34, chapter 28, Compiled Statutes, under which it is sought to recover the fifty-dollar penalty in this case, only applies where a sheriff or other officer demands the payment of costs in advance of the performance of the services, and that where costs are charged and collected after the services have been rendered the party required to pay the costs can, by bringing the matter to the attention of the court in a motion to retax costs, obtain all proper relief, and therefore the section under consideration has no application to cases such as that at bar, where the sheriff makes the charges and performs the services, and afterwards the costs are taxed and collected in the usual way. We are unable to see any merit in this contention. It was manifestly the intention of the legislature, by the language referred to, to provide against the collection of illegal costs by public officers in all cases, and the fact that the party could gain redress by means of a motion to retax costs does not deprive him of his right

to recover the costs and the penalty in an action brought for that purpose.

Objection is made to the giving of certain instructions, and the refusal of others requested; but inasmuch as the case must be reversed because of the insufficiency of the evidence to sustain the verdict, it will not be necessary to consider the question of instructions.

For the reasons stated, it is recommended that the judgment of the district court be reversed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.