WILLIAM M. FRASIER, APPELLANT, V. DUNDY COUNTY,
APPELLEE.

FILED MARCH 25, 1927.    No. 24840.

Officers: COMPENSATION. A public officer, holding office created by
statute, must perform every service required of him by law,
and he must look to the statute for his compensation. If it
provides none, then the services are gratuitous.

APPEAL from the district court for Dundy county:
CHARLES E. ELDRED, JUDGE. *Affirmed.*

*Lehman & Swanson* and *Victor Westermark*, for appellant.

*R. D. Druliner* and *Scott & Scott*, contra.

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON and EBERLY, JJ.

GOOD, J.

In this action plaintiff seeks to recover the sum of
$812.50, alleged to be due him for salary as acting county
judge of Dundy county, for a period of six and one-half
months. Defendant answered, admitting that plaintiff had
been duly appointed and qualified as acting county judge,
and had performed the duties of the office for the period al-
leged; and for a defense alleged that the full amount of the
salary of the county judge for the first six months of the
period had been paid to Judge Hamilton, the regularly elect-
ed and qualified county judge of the county, and further al-
leged that there was no provision of the statutes of Nebras-
ka for the payment of salary to an acting county judge, who
performs the duties of said office during the disability of the
regularly elected and qualified county judge, and that be-
cause thereof there is no authority for allowing any salary
to plaintiff in this case. A trial to the court resulted in a
finding and judgment for plaintiff in the sum of $62.50
only. Plaintiff appeals.

The following pertinent facts appear from the record.

**One** Hamilton was the duly elected and qualified county judge of Dundy county. He became ill and it was necessary to appoint some person as an acting county judge, to perform the duties of the office. Plaintiff was appointed, qualified and performed the duties of the office for a period of six and one-half months. At the end of six months Judge Hamilton died, and plaintiff performed the duties of the office for one-half month thereafter. The salary of the office was paid to Judge Hamilton up to the time of his death. The trial court allowed plaintiff to recover the salary for a period of one-half month that he served after the death of Judge Hamilton. From this allowance the county has not appealed, and the question of whether or not that amount should have been allowed is not before us for decision.

The only error assigned and relied upon in this court is that the judgment is contrary to law. Section 1158, Comp. St. 1922, authorizes the county board to appoint a competent, disinterested person to act in the place of a county judge, if for any reason he is temporarily disqualified from acting in any cause, or is prevented, by sickness or absence, from performing the duties of his office, and further provides that the board in its discretion may make a single order, appointing such person to act in the place of the county judge during all of such absences and disqualifications during his term of office. Said section further provides that the person so appointed shall give bond in the same manner, possess the same powers, and be subject to the same duties, restrictions and liabilities that are prescribed by law respecting county judges, but nowhere provides for any compensation or salary for the person filling the position of acting county judge. It is conceded that the regular salary of the county judge of Dundy county is $1,500 per annum, payable monthly.

Plaintiff argues that, because the statute confers upon an acting county judge the same powers and imposes the same duties and obligations as are imposed upon the regularly elected county judge, the former is entitled to draw the

salary as judge, and that the county board should not have paid the salary to Judge Hamilton during the time that he was not performing the duties of the office and while the plaintiff was filling the position of acting county judge, and that such salary should have been paid to plaintiff.

Whether the regularly elected county judge was entitled to collect the salary during the time of his disability, caused by sickness, we think it unnecessary to decide. If plaintiff is entitled to collect the salary of the county judge, it would be no defense that the county had paid it to some other person. It may be observed that there is abundant authority which holds that the right to a salary attaches to and follows the legal title to the office, regardless of who actually performs the duties, and the fact that the regularly elected officer has not performed the duties of the office does not deprive him of the right to the legal compensation therefor. See *McGillic v. Corby,* 37 Mont. 249; *People v. Bradford,* 267 Ill. 486; *Ward v. Marshall,* 96 Cal. 155; *Bates v. City of St. Louis,* 153 Mo. 18; 29 Cyc. 1422. The authorities also generally hold that the performance of the duties by a *de facto* incumbent gives him no claim to the official compensation. *McGillic v. Corby, supra;* 22 R. C. L. 531, sec. 226; 29 Cyc. 1392, 1422. The rule is firmly established that a public officer, holding office created by statute, must perform every service required of him by law, and he must look to the statute for his compensation. If it provides none, then the services are gratuitous. *Nuckolls County v. Peebler,* 65 Neb. 356; *State v. Meserve,* 58 Neb. 451; *Bayha v. Webster County,* 18 Neb. 131; *State v. Silver,* 9 Neb. 85.

Applying this rule to the facts as disclosed by the record makes it too plain to admit of argument that plaintiff is not entitled to recover any compensation. It is possible that the legislature, in providing. for the office of acting county judge, did not anticipate such an extended service as was performed by the plaintiff in this case. It may be that it had in mind a very short period of temporary disability, or where the county judge was disqualified from acting in a particular case. It may also be that it was an

oversight that the legislature failed to provide any compensation for an acting county judge. Be that as it may, in the absence of any statute authorizing it, the court is powerless to award compensation or salary to one performing the duties of an acting county judge.

The judgment of the district court in disallowing the plaintiff any salary for the six months' period, during which Judge Hamilton lived, is in accordance with law, and is therefore

AFFIRMED.