WILLIAM E. JOHNSON, APPELLANT, V. RAY C. JOHNSON, AUDITOR, ET AL., APPELLEES.

3 N. W. (2d) 414

FILED APRIL 10, 1942. No. 31296.

*Davis & Stubbs* and *James N. Ackerman,* for appellant.

*Walter R. Johnson, Attorney General,* and *Edwin Vail, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a proceeding instituted by William E. Johnson, lieutenant governor, to collect a claim of $1,386.68 in emoluments for performing the duties of governor at enumerated intervals during the biennium beginning January 5, 1939, while R. L. Cochran, governor, was absent from the state. Each officer had previously drawn his full salary for the entire biennium, but plaintiff claims the right to additional compensation, making his salary equivalent to that of the governor, for periods during which the governor was absent from the state. The governor did not abdicate his office temporarily while absent but was in communication with his private secretary therein and could have returned to the state capitol within 24 hours. The governor's absences were occasioned by public duties or by personal business or recreation and did not interfere with public interests beyond mere delay, if any, in official action.

By duly-verified voucher in proper form reciting absences, dates and proportionate shares of the salary for the office of governor, plaintiff presented his claim to the auditor of public accounts and demanded a warrant on the state treasurer for payment. The auditor refused to approve any part of the claim and the secretary of state joined in that decision. There was an appeal to the district court for Lancaster county where William E. Johnson was plaintiff and the state of Nebraska, Ray C. Johnson, auditor, and Frank Marsh, secretary of state, were defendants.

In the district court defendants resisted the claim as one not authorized by law. At the trial below there was no ma-

terial dispute over the facts which were stipulated by the parties. From a judgment in favor of defendants, plaintiff appealed to the supreme court.

The claim of the lieutenant governor is based on the following provisions of the Constitution:

"In case of the death, impeachment and notice thereof to the accused, failure to qualify, resignation, absence from the state, or other disability of the governor, the powers, duties and emoluments of the office for the residue of the term or until the disability shall be removed shall devolve upon the lieutenant governor." Const. art IV, sec. 16.

Under these provisions it is argued on behalf of plaintiff that the framers of the Constitution intended to provide additional compensation for the lieutenant governor for service performed by him as governor during the absences of the governor from the state; that during such absences the lieutenant governor was *de jure* governor; that the powers, duties and emoluments of the governor devolved on the lieutenant governor during the former's absences. These propositions are argued at length with references to court decisions and text-books. In ruling on the claim of plaintiff, other provisions of the Constitution should be considered under the Nebraska system of government. The salary of the governor is fixed by the Constitution at $7,500 a year. Const. art. XVII, sec. 3. The salary of the lieutenant governor is twice the salary of a state senator. Const. art. XVII, sec. 3. The governor and lieutenant governor shall receive such salaries as are provided by law. Const. art. IV, sec. 25. The salary of a state officer was intended for a qualified and acting incumbent of a particular office. The salary fixed by the Constitution for the compensation of the governor and appropriated by law for that purpose was never meant to shuttle between the governor and the lieutenant governor.

The constitutional provisions upon which plaintiff relies for the allowance of his claim deal with disabilities "in case of the death, impeachment and notice thereof to the accused, failure to qualify, resignation, absence from the state, or

other disability of the governor." These are all disabilities within the meaning of the Constitution. Death, failure to qualify and resignation are permanent disabilities. Impeachment is a disability at least until trial and acquittal and permanent in the event of conviction. Absence from the state is a permanent disability if the governor abandons the office and becomes a nonresident, but mere temporary absence from the state for the performance of official duty or for recreation or for business of a personal nature not interfering with the interests of the public does not vacate the office of governor and instate the lieutenant governor therein with all the powers, duties and emoluments thereof. "Absence from the state," to entitle the lieutenant governor to the emoluments of the office of governor, is an absence amounting to a permanent disability or to a temporary disability creating a vacancy or to a disability which prevents the governor from holding the office. A governor does not lose his office by stepping over the boundary line of the state for a purpose or for a time that does not disqualify him from holding the office. During such an interval the lieutenant governor does not become governor. The Constitution does not provide for two governors at the same time. When the lieutenant governor performs duties in the executive office during a temporary, nondisqualifying absence of the governor, he still acts as lieutenant governor and his compensation during such an interval is the lawful salary for that officer. In Nebraska a public officer must perform all the duties of his office for the compensation allowed by law and if none is authorized the services are gratuitous. *State v. Meserve,* 58 Neb. 451, 78 N. W. 721; *State v. Eskew,* 64 Neb. 600, 90 N. W. 629; *Nuckolls County v. Peebler,* 65 Neb. 356, 91 N. W. 289; *O'Shea v. Kavanaugh,* 65 Neb. 639, 91 N. W. 578; *Power v. Douglas County,* 75 Neb. 734, 106 N. W. 782; *Frasier v. Dundy County,* 115 Neb. 372, 213 N. W. 371.

If the lieutenant governor was the *de jure* governor during the intervals enumerated in his claim, with all the powers, duties and emoluments thereof, as argued by counsel, he was, during those periods, clothed by the Constitution with powers as follows:

"The governor shall have power to remove any officer, whom he may appoint, in case of incompetency, neglect of duty, or malfeasance in office, and he may declare his office vacant, and fill the same as herein provided in other cases of vacancy." Const. art IV, sec. 12.

Under this authority, the lieutenant governor, while temporarily performing executive duties, if a *de jure* governor in the office of governor during the latter's absence, could have removed all the appointees of the governor for cause and could have filled their places with appointees of his own selection. By virtue of the same authority, if *de jure* governor, he could have taken possession of the governor's mansion. In construing a provision of the Constitution, statesmanship should be imputed to the framers thereof, if permissible, rather than absurdity. When the purposes of the constitutional provisions under consideration are considered with other provisions throwing light on the same subjects, the more reasonable and better interpretation is the one adopted by defendants.

In this view of the law the claim in issue was properly disallowed by the auditor of public accounts, by the secretary of state and by the district court.

AFFIRMED.