D. E. MUINCH, APPELLEE, v. W. GORDON HULL ET AL., APPELLEES, LESTER L. JENSEN, SHERIFF OF SHERIDAN COUNTY, NEBRASKA, APPELLANT.

149 N. W. 2d 527

Filed March 31, 1967. No. 36497.

Everett A. Anderson and Michael V. Smith, for appellant.

Edmund Hollstein, for appellee Muinch.

L. E. Mitchell, for appellees Hull et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

A statute providing for poundage on judicial sales by sheriffs is ambiguous concerning redemption. In this foreclosure suit the sheriff held a sale of land, but the mortgagors subsequently redeemed the property. On motion to retax costs the district court disallowed

the claim to the commission, and the sheriff has appealed.

The statute reads in part: "The * * * (sheriff) shall charge and collect * * * commission on all money received and disbursed by him on * * * order of sale, * * *; Provided, in all cases where no money is received or disbursed by him no percentage shall be allowed; * * *." § 33-117 (1), R. S. Supp., 1965.

At the sale the sheriff struck off the property to joint bidders who had not been parties to the suit. A commission of $3,215.80, which represented the statutory percentage, was entered in the itemization of costs attached to the return of order of sale. To redeem the land the mortgagors subsequently paid the commission under protest, and the sheriff then refunded the purchase money to the bidders.

The effect of redemption upon a claim to the statutory commission was mentioned in O'Shea v. Kavanaugh, 65 Neb. 639, 91 N. W. 578. A decree of foreclosure had been rendered, but the parties had subsequently agreed to a private sale. The sheriff held no sale, and no money passed through his hands. He charged and collected, however, a commission on the judgment. It was said: "It is claimed * * * that the sheriff is entitled to a commission on * * * the money represented by the decree in all respects as though a sale of the premises had been made by the sheriff, and the money received and disbursed by him. We are unable to accept this view. There can be no doubt that it was the purpose of the legislature * * * to pay the sheriff for the services performed, and also to compensate him for whatever risk there might be in collecting, keeping and disbursing the money. * * * the sheriff would not be entitled to commission upon money which never came into his hands. * * * had the money been lost, and an action brought against the sheriff and his bondsmen for the money, there could have been no recovery, for the reason that the money never was paid to the sheriff or disbursed by

him * * *. If he had never received it * * *, and he and his bondsmen were not liable for it, then it seems clear that he would not be entitled to a commission for its collection and disbursement. * * * in Fiedeldey v. Diserens, 26 Ohio St., 312, the supreme court of Ohio said: 'Where land is sold on execution or order of sale, and before confirmation * * *, the judgment * * * is satisfied * * *, and the sale is thereupon set aside, the officer making the sale is not entitled to "poundage" on the purchase money * * *, the same not being "money actually made and paid," within the meaning of the statute.' "

Analysis in terms of risk to the sheriff would be profitless, because a different policy of compensation has been in effect for years. Salary is not payable out of fees; the sheriff must pay all commissions to the county treasurer for credit to the general fund of the county. See, §§ 23-1114 and 33-117 (2), R. S. Supp., 1965. The sheriff still runs a risk, but he does not receive additional compensation for it. See, §§ 25-1531 and 25-2144, R. R. S. 1943. The statutory rate on the purchase money is 6 percent of the first $400, 4 percent of the next $600, and 2 percent of the balance. The legislative purpose itself is ambiguous.

Present policy concerning compensation of sheriffs and the quoted reference to Ohio law adequately indicate that redemption precludes the commission. The judgment is affirmed.

AFFIRMED.