REQUESTED BY: Bill Quigley, Cherry County Attorney Valentine, Nebraska
1. In levying an execution, can a sheriff legally charge for the costs of towing or hauling the property, storage, hiring personnel for moving the property, etc. upon which he levies?
2. Is the sheriff of one county required to serve and return in his county summons issued and directed to him from another county?
3. How does he collect his fees and mileage in such cases.
1. No.
2. Yes, if possible.
3. See opinion.
Section 33-117 (Supp. 1980) sets forth the following fees for sheriffs:
 levying writ of execution and return thereof, two dollars; . . . commission on all money received and disbursed by him or her on execution or order of sale, order of attachment decree, or on sale of real or personal property shall be for each dollar, not exceeding four hundred dollars, six cents; for every dollar above four hundred dollars and not exceeding one thousand dollars, four cents; for every dollar above one thousand dollars, two cents; Provided, in all cases where no money is received or disbursed by him or her no percentage shall be allowed; . . .
In the case of Ehlers v. Gallagher, 147 Neb. 97,22 N.W.2d 396 (1946), the Supreme Court of Nebraska held that under the statute which provided a fee of one dollar for levying a writ of execution and return thereof, that the sheriff who received an execution with instructions not to bother looking for property as there was none could not charge a fee of fifty cents for making a return of no property because no levy had been made thereunder. In discussing said case, the court stated:
 "It is well settled in this state that an officer can charge only such fees for the performance of services as are allowed by law, and that services performed by an officer for which the statute does not expressly authorize a charge must be performed gratuitously. Stoner v. Keith County, 48 Neb. 279; State v. Meserve, 58 Neb. 451." Red Willow County v. Smith, 67 Neb. 213, 93 N.W. 151.
 "A public officer must perform every service required of him by law, and he must look to the statute for his compensation. If it provides none, then the services are gratuitous. (State v. Silver, 9 Neb. 85; Bayha v. Webster County, 18 Neb. 131; Adams County v. Hunter, 78 Ia. 328; Decatur v. Vermillion, 77 Ill. 315; Troup v. Morgan County, 109 Ala. 162; Sampson v. Rochester, 60 N.H. 477.)" State ex rel. Axen v. Meserve, 58 Neb. 451, 78 N.W. 721.
 The common law gave no fees to sheriffs.' Peck v. City Nat. Bank of Grand Rapids, 51 Mich. 353, 16 N.W. 681.
We have found no other fees in the statutes which would permit the sheriff to charge for the expenses of taking possession of personal property in levying a writ of execution; undoubtedly the Legislature intended him to receive such amounts out of the commissions allowed when property was actually recovered and sold.
In a similar vein, this office has previously given an opinion that where the sheriff, pursuant to an order of sale, conducts a sale upon a mortgage foreclosure and the sale results in the purchase of the property by the mortgagor, that the sheriff was not entitled to a commission unless he actually received and disbursed money on the sale.See, No. 303, Report of the Attorney General, July 16, 1980.
You have also inquired as to the sheriff's duties and the method of collecting charges for mileage incurred in serving a summons issued out of a court located in a Nebraska county other than that of the sheriff.
Section 25-2216 (Reissue 1979) requires the sheriff to execute every summons, order or other process and return the same as required by law; in a previous opinion, we stated that a sheriff has a duty to execute every summons as required by the law of Nebraska but that it did not apply to that of other states. Report of the Attorney General, 1967-1968, p. 3. Said statute is still the same and in effect.
Section 33-117 (Supp. 1980), discussed earlier, also provides the fees a sheriff shall receive for serving summons. It provides `serving summons, subpoena in equity, order of attachment, order of replevin, etc., and return thereof, one dollar for the first defendant and fifty cents for each of the other defendants in the same case.' It further provides:
 "travelling expenses for each mile actually and necessarily traveled within or without their several counties in their official duties, twenty-four cents, except that the minimum fee shall be fifty cents when such service is made within two miles of the courthouse; and, as far as is expedient, all papers in the hands of the sheriff at any one time shall be served in one or more trips by the most direct route or routes and only one mileage fee shall be charged for a single trip, the total mileage cost to be computed as a unit for each trip and the combined mileage cost of each trip to be prorated among the persons or parties liable for the payment of same."
In another previous opinion from this office, copy of which is enclosed for your convenience, we pointed out that the foregoing provision in regard to mileage recognized that the sheriff had official duties in addition to serving papers for which he could charge mileage. In that opinion we stated that a sheriff could charge mileage to the county incurred while conducting criminal investigations. In line with that opinion and with the above language, we are of the opinion that when serving papers, the sheriff must charge the mileage to the person requesting the service, and must charge mileage to the county for other duties he is performing.
Section 33-120 (Supp. 1980) provides that the sheriff may require the party for whom any service is to be rendered to pay the fees in advance of rendition of such service, or give security for the same to be approved by the officer.
The sheriff should be able to make certain that he is able to collect his fees and charges for serving summons by close attention to that statute; if the sheriff has already performed the service he will have to collect the same way any other creditor would he cannot legitimately charge the county. If he has done so already, he would be personally liable, in our opinion.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General