38   165|
46   297|

GAGE COUNTY v. THOMAS E. WILSON, DEPUTY COUNTY CLERK.

FILED NOVEMBER 8, 1893.   No. 6426.

Counties: LIABILITY FOR SALARY OF DEPUTY COUNTY CLERK. A deputy county clerk is to be paid his salary out of the fees received by the county clerk in excess of the amount which he is authorized to retain. The county is not liable for such salary.

ERROR from the district court of Gage county. Tried below before BUSH, J.

*R. W. Sabin,* for plaintiff in error.

*Alfred Hazlett* and *L. M. Pemberton, contra.*

MAXWELL, C. J.

The defendant in error is deputy county clerk of Gage county, and filed an account against said county for the

sum of $833.33, for salary as such deputy county clerk from October 7, 1892, to August 7, 1893. The account was disallowed by the county board of Gage county, from which order the defendant in error appealed to the district court of that county. In the district court judgment was rendered in his favor against said county for the sum of $833.33, from which judgment the county brings the case into this court.

The case depends upon a proper construction of section 3043 of Cobbey's Statutes, which is as follows: "That every county judge, county clerk, county treasurer, and sheriff of each county, whose fees shall in the aggregate exceed the sum of $1,500 each for the county judge and county clerk, and $2,000 each for sheriffs and county treasurers, per annum, shall pay such excess into the treasury of the county of which they hold their respective offices; *Provided, however*, That in counties having over 25,000 inhabitants, the county treasurer shall receive the sum of $3,000 per annum, and shall be furnished by the county commissioners the necessary clerks or assistants, whose combined salary shall not exceed the sum of $2,400 per annum. The sheriff shall receive the sum of $2,500 per annum, also the necessary jail guard and one deputy, and the salary of such deputy shall be $900 per annum. The county clerks of such county shall receive the sum of $2,500 per annum, and he shall have one deputy whose salary shall be $1,000 per annum. The county judges of such counties shall receive the fees of such office not to exceed the sum of $2,000 per annum, and shall be provided by the county commissioners with the necessary clerks or assistants, whose combined salaries shall not exceed the sum of $1,000 per annum; *And provided further*, That if the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants or deputies, then such officers may retain an amount necessary to pay for such assistants or deputies not

Gage County v. Wilson.

exceeding the sum of $700 per year for each of such deputies or assistants, except in counties having over 70,000 inhabitants, in which case such officer may retain such amount as may be necessary to pay the salaries of such deputies or assistants as the same shall be fixed by the board; but in no instance shall such officers receive more than the fees by them respectively and actually collected, nor shall any money be retained for deputy service unless the same be actually paid to such deputy for his services; *And provided further*, That neither of the officers above named shall have any deputy or assistants unless the board of county commissioners shall, upon application, have found the same to be necessary, and the board of county commissioners shall in all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are to receive."

The object of this statute was not to make the office of county clerk, and other offices named, a salaried office, but to fix a limit in the amount received and retained, and require the excess to be paid into the county treasury. It provides for the appointment of certain deputies for each of the officers named and that the county board shall determine the number of deputies and amount of salary of each, not to exceed the sum specified in the statute. The deputies, however, are to be paid out of the fees of the office, and not from the county treasury. The claim in this case is against the county, and in our view the county is not liable, as the salary of the deputy is to be paid by the principal out of the fees received by him in excess of the amount which he is to retain. The judgment of the district court, therefore, is erroneous and is reversed and the order of the county board reinstated.

JUDGMENT ACCORDINGLY.