WILLIAM A. WOLFE v. ROBERT KYD.

FILED NOVEMBER 7, 1895. No. 7445.

Sheriffs and Deputy Sheriffs: FEES: COUNTIES: PLEADING.
Section 42, chapter 28, Compiled Statutes, in relation to compensation of certain county officers and their deputies, construed, and *held*, (1) to provide that in counties having over 25,000 inhabitants there shall be one deputy sheriff whose salary shall be $900 per year, and that there may be additional deputies in such counties, but only when found necessary by the county board, and in such case the county board shall fix the number, the time of employment and compensation of such additional deputies, not to exceed $700 per year; (2) that the principal is not liable absolutely for the payment of his deputies' salaries. Such salaries are to be paid out of the fees earned and collected.

ERROR from the district court of Gage county. Tried below before BABCOCK, J.

*George A. Murphy* and *William C. Le Hane*, for plaintiff in error, cited: *Minis v. United States*, 15 Pet. [U. S.], 423; *Wayman v. Southard*, 10 Wheat. [U. S.], 30; *Ryan v. Carter*, 93 U. S., 83; *Hagenbuck v. Reed*, 3 Neb., 18; *McCann v. McLennan*, 2 Neb., 286; *State v. Babcock*, 21 Neb., 599; *Washington Market Co. v. Hoffman*, 101 U. S., 112; *State v. Maccuaig*, 8 Neb., 215; *Brown v. County Commissioners*, 21 Pa. St., 37; *White v. Blum*, 4 Neb., 555; *Hawkeye Ins. Co. v. Brainard*, 72 Ia., 130; *Gilman v. Des Moines V. R. Co.*, 40 Ia., 20; *Hatch v. Mann*, 15 Wend. [N. Y.], 45.

*L. M. Pemberton*, contra, cited: *Gage County v. Wilson*, 38 Neb., 168; *Gage County v. Wilson*, 38 Neb., 165.

IRVINE, C.

Kyd was the sheriff of Gage county. He appointed Ed. J. Wilson as his deputy, and the latter having served

in that capacity ten months, filed his claim against Gage county for salary at the rate of $75 per month. The county board rejected the claim. The district court, on appeal, allowed it. This court, on error from the district court, reversed the judgment of the district court and affirmed the order of the county board. (*Gage County v. Wilson*, 38 Neb., 168.) This court held that the county was not liable for the payment of the deputy sheriff's salary. Wilson having assigned his claim to Wolfe, the latter brought the present action against the sheriff, to recover the same claim. The case was tried to a jury in the district court and there was a verdict and judgment for the defendant.

This case, like *Gage County v. Wilson*, depends for its solution on the construction of section 42, chapter 28, Compiled Statutes, being section 3043, Consolidated Statutes. The section, as it now stands, is as follows:

"That every county judge, county clerk, county treasurer, and sheriff of each county, whose fees shall in the aggregate exceed the sum of fifteen hundred ($1,500) dollars each for the county judge and county clerk, and two thousand ($2,000) dollars each for sheriffs and county treasurer per annum, shall pay such excess into the treasury of the county in which they hold their respective offices; *Provided, however,* That in counties having over 25,000 inhabitants the county treasurer shall receive the sum of three thousand ($3,000) per annum, and shall be furnished by the county commissioners the necessary clerks or assistants whose combined salary shall not exceed the sum of two thousand four hundred ($2,400) dollars per annum. The sheriff shall receive the sum of two thousand five hundred ($2,500) dollars per annum, also the necessary jail guard and one deputy, and the salary of such deputy shall be nine hundred ($900) dollars per annum. The county clerks of such counties shall receive the sum of two thousand five hundred ($2,500) dollars per annum; and he

·shall have one deputy whose salary shall be one thousand ($1,000) dollars per annum. The county judges of such counties shall receive the fees of such office, not to exceed the sum of two thousand ($2,000) dollars per annum, and shall be provided by the county commissioners with the necessary clerks or assistants, whose combined salaries shall not exceed the sum of one thousand ($1,000) dollars per annum; *And provided further,* That if the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants or deputies, then such officers may retain an amount necessary to pay for such assistants or deputies not exceeding the sum of seven hundred ($700) dollars per year for each of such deputies or assistants, except in counties having over seventy thousand (70,000) inhabitants, in which case such officer may retain such amount as may be necessary to pay the salaries of such deputies or assistants as the same shall be fixed by the board ; but in no instance shall such officers receive more than the fees by them respectively and actually collected, nor shall any money be retained for deputy service unless the same be actually paid to such deputy for his services; *And provided further,* That neither of the officers above named shall have any deputy or assistants unless the board of county commissioners shall, upon application, have found the same to be necessary, and the board of county commissioners shall in all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are to receive."

When one reads this section one is not surprised that it has given rise to litigation. Its construction is surrounded with difficulty. The plaintiff contends that its proper effect is that in counties having over 25,000 inhabitants (Gage county being of this class) the salary of the deputy is fixed absolutely at $900 per year, and that the subsequent provisos of the section do not apply; that if the county is not liable for the salary, as held in *Gage County*

*v. Wilson*, then, necessarily, the sheriff must be person-
ally liable.   On the other hand, the defendant contends
that the later provisos of the section are applicable; that
no deputy is properly appointed or entitled to compen-
sation unless the county board shall have found the ap-
pointment necessary, prescribed the number of deputies,
the time for which they are to be employed, and their com-
pensation not to exceed the sum of $700 per year, and that
such compensation is to be paid out of fees collected only.
As the section stands now, it would certainly be a reason-
able construction to say that in counties of over 25,000 in-
habitants the deputy's salary is fixed at $900, and that the
last proviso, in regard to the necessity for action by the
county board, applies only to counties having over 70,000
inhabitants, but if to others, it does not to counties having
between 25,000 and 70,000; but the history of the section
renders such a construction untenable.   The section, in its
substance, was enacted as a part of an act "to regulate the
fees of county judges, county clerks, sheriffs, and county
treasurers."   (Session Laws, 1877, p. 215.)   As first en-
acted, the section was as follows:

   "That every county judge, county clerk, county treas-
urer, and the sheriff of each county, whose fees shall in the
aggregate exceed the sum of fifteen hundred dollars each for
county judge and county clerk, and two thousand dollars each
for sheriffs and county treasurers per year, shall pay such ex-
cess into the treasury of the county in which they hold their
respective offices; *Provided however*, That in counties hav-
ing over twenty-five thousand inhabitants the county treas-
urer shall receive the sum of three thousand dollars per
annum, and shall be furnished by the county commission-
ers the necessary clerks or assistants, whose combined sal-
ary shall not exceed the sum of twenty-four hundred dol-
lars per annum.   The sheriff shall receive the sum of
twenty-five hundred dollars per annum, also the necessary
jail guard and one deputy, and the salary of such deputy

shall be nine hundred dollars per annum. The county clerks of such counties shall receive the sum of twenty-five hundred dollars per annum, and he shall have one deputy whose salary shall be one thousand dollars per annum; *And provided further*, That [if] the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants, or deputies, then such officers may retain an amount necessary to pay for such assistants or deputies, not exceeding the sum of seven hundred dollars per year, except as above provided in counties having over twenty-five thousand inhabitants, for each of such deputies or assistants, but in no instance shall such officers receive more than the fees by them respectively and actually collected, nor shall any money be retained for deputy service unless the same be actually paid to such deputy for his service; *And provided further*, That neither of the officers above named shall have any deputy or assistants unless the board of county commissioners shall, upon application, have found the same to be necessary, and the board of county commissioners shall in all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are to receive."

It will be observed that as first enacted there was no provision for counties having more than 70,000 inhabitants, but that the last proviso was in the original act, showing that it should be applied generally. The proviso limiting the pay of the deputies to $700 per year originally contained an exception of counties having over 25,000 inhabitants. By Session Laws of 1885, chapter 51, the section was amended, retaining this exception and inserting the provision now found for county judges and their assistants in counties having over 25,000. By Session Laws of 1887, chapter 44, the section was again amended by reducing it to its present form and striking out the exception of counties having over 25,000 inhabitants from the clause limiting

salaries to $700 per year.   We must assume that this exception was deliberately stricken out and that the legislature by striking it out meant to make the $700 limitation and the other features of that proviso applicable to counties having over 25,000 inhabitants as well as to other counties. But we do not think that the legislative intent was thereby to abrogate the provision fixing the salary of a deputy in counties of over 25,000 at $900.   If this had been the object that clause would have been stricken out also.   The same force must be given to the fact that it was retained as is given to the fact that the exception was stricken out. Bearing this in view we must conclude that the mischief which the legislature sought to remedy grew out of the fact that while in the smaller counties, as the law then stood the county boards might provide any necessary number of deputies subject to the $700 limitation, power to do so was by the exception restricted to counties of less than 25,000, and therefore the larger counties were compelled to do with one deputy regardless of their necessities. If we are correct so far, it follows that for counties having over 25,000 inhabitants one deputy is absolutely provided for at a salary of $900 per year, and when required and when found necessary by the county board and when the time of employment and compensation not to exceed $700 per year have been fixed by the county board, additional deputies may be appointed.   But it is clearly contemplated by the section that the principal is not liable personally and absolutely for the payment of this salary.   The section provides, as said in *Gage County v. Wilson*, 38 Neb., 165, not for making salaried offices, but for fixing a limit beyond which fees received must be paid into the county treasury.   Its effect is to authorize the officer to pay from the fees by him received the compensation fixed by statute or by the board of commissioners for his deputies and assistants; in addition to this to retain for himself the sum fixed by the statute as his own compensation, and to require

him to pay the excess into the treasury. It is expressly provided that "in no instance shall such officers receive more than the fees by them respectively and actually collected, nor shall any money be retained for deputy service unless the same be actually paid to such deputy for his services." Therefore, we think that the salary is not an absolute personal charge against the principal, but is to be paid only out of fees collected. This is the construction which the court has in former cases given the act. (*Gage County v. Wilson,* 38 Neb., 165; *Gage County v. Wilson,* 38 Neb., 168.) The petition in this case merely alleges the official capacity of defendant, his appointment of Wilson, that Wilson performed the duties of his office for ten months, and that his claim had been assigned to the plaintiff. It does not allege that fees to the extent of $750 were earned or collected during the period, nor that any fees were earned or collected. It is true that on the trial evidence was introduced on this subject; but its admission was objected to on the ground of irrelevancy. It was irrelevant under the pleadings, although such facts should have been pleaded. For want of such allegations the petition did not state a cause of action and the judgment of the district court in favor of the defendant being therefore the only judgment which could be rendered under the pleadings, it must be affirmed without examining the specific assignments of error.

JUDGMENT AFFIRMED.