## WILMER W. WILSON v. OTOE COUNTY.

FILED MARCH 17, 1904.   No. 13,333.

1. **County Officers:** CONTRACTS. Section 51, article I, chapter 18, Compiled Statutes, which prohibits county officers from being pecuniarily interested in or receiving the benefit of any contract executed by the county for the furnishing of supplies or any other purpose, is general in its nature, and applies to all county officers and to every class of contracts.

2. ————: ACTION. A contract between a county and one of its officers, whereby such officer undertakes to perform extra-official services, for which the county undertakes to pay him compensation in addition to the fees or salary allowed by law, is in violation of said section and will not support an action for such extra compensation. *Shepard v. Easterling*, 61 Neb. 882, *contra*, overruled.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*W. W. Wilson* and *L. F. Jackson*, for plaintiff in error.

*A. A. Bischof, contra.*

ALBERT, C.

The parties to the record in this court stand in the same order they stood below. The plaintiff was county attorney of the defendant county. While holding that office, and at the instance and request of the defendant, he followed certain litigation from the district court for his county to this court, where he appeared and represented the county; he also prepared and filed a petition for the defendant in an action which it brought in another county, but did not conduct the litigation which followed. This action was brought to recover the reasonable value of the services of the plaintiff in the matters just mentioned. The district court sustained a demurrer to the petition and gave judgment for the defendant, and the only question presented to this court is that raised by the demurrer.

The only statutory provision touching the compensation of a county attorney is section 19, chapter 7, Compiled Statutes (Annotated Statutes, 9143). It fixes the annual salary of such officer, and provides for the payment of his traveling and hotel expenses, where engaged in actions in which the state or county is a party interested, *"which have been transferred by change of venue from his county to any other county in the state."* That the compensation thus fixed is in full of all services rendered by county attorneys in the discharge of their official duties, is conceded. It follows, then, and the petition is framed on the theory that, if the plaintiff is entitled to recover, it is by virtue of a contract between himself and the defendant county, whereby he was employed to render services which in their nature were extra-official.

This brings us at once to what we regard as the vital question in this case, namely, can a county officer make a valid contract with the county for compensation for extra-official services? In *Shepard v. Easterling*, 61 Neb. 882, this court answered this question in the affirmative. But it is clear that the question was not necessarily involved in that case. It is not discussed, and is adverted to only in that portion of the opinion devoted to the discussion of a proposition which the opinion itself shows was not urged. Throughout the entire opinion there is no mention or reference to the statute, which in express terms forbids contracts between a county and any of its officers. For these reasons, and because of the importance of the question involved, we do not feel bound, so far as that question is concerned, by the view expressed in that case, and shall consider the question accordingly.

Section 51, article I, chapter 18, Compiled Statutes (Annotated Statutes, 4469), provides: "No county officer shall in any manner, directly or indirectly, be pecuniarily interested in or receive the benefit of any contracts executed by the county for the furnishing of supplies, or any other purpose." A violation of that provision is denounced as a felony in the section immediately following it. The temp-

tation of public officers to vicarious generosity is well known. It assails them with greater force when the object of such generosity is one of their own number, and in a position to reciprocate, or to further or thwart the purposes of his fellows. The object of the provision just quoted is to remove that temptation so far as possible, and to render innocuous that spirit of amity and reciprocity which is apt to prevail among public officers. In view of the mischief aimed at by such provision, and its comprehensive language, there can be no doubt that it was intended to include every species of contract in which an officer of the county may have a pecuniary interest, whether it be for furnishing supplies or services. It is true such·provision was enacted long before the office of county attorney was created, but that may be said of the statute relating to embezzlement by a public officer, and other statutes, which unquestionably apply to a county attorney. The provision is general, and there is nothing in its object, or in the nature of the office of county attorney, from which it may be fairly inferred that such officer is exempt from its operation. He is the legal adviser of the officers who are authorized to act on behalf of the county in making contracts, and who must eventually pass on claims based on such contracts; his influence with such officers is generally commensurate with his fitness for his office, and it is not difficult to see that there would be a strong temptation to turn that influence to his own advantage, were he permitted to contract with the county.

In this view of the case we are not called upon to determine whether it was the official duty of the county attorney to represent the county in the matters for which he seeks to recover. If it were such duty, then his compensation therefor is covered by the salary fixed by law; if, as is claimed, such services were rendered in pursuance of a contract with the county, then, as we have seen, the contract is in violation of a positive statute, and there can be no recovery thereon.

It is recommended that the judgment of the district court be affirmed.

GLANVILLE, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.