GEORGE W. MAURER ET AL V. GAGE COUNTY.

FILED OCTOBER 5, 1904. No. 13,705.

1. County Treasurers: COMPENSATION. Section 42 of chapter 28 of the Compiled Statutes of 1901, which provides that in counties having more than 25,000 inhabitants the county treasurer shall receive a salary of $3,000 a year, and such an amount as may be allowed by the county board as compensation for clerks and assistants, not exceeding $2,400 per annum, also limits the sum which may be retained by the treasurer for all such purposes to the amount of the fees and commissions actually received and collected by him.

2. County Board: POWERS. The powers exercised by the county board in examining the accounts of and settling with the county officer in this case are ministerial only; and in so far as they allowed such officer to retain a greater compensation than that fixed and limited by law, their action is void, and the county is not bound thereby.

3. Recovery From Officer. In such a case the county may, in a proper action, recover from the officer the amount of the excess so allowed and retained by him.

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*R. W. Sabin* and *Griggs, Rinaker & Bibb,* for plaintiffs in error.

*H. E. Sackett* and *H. E. Spafford, contra.*

BARNES, J.

This action was commenced in the district court for Gage county against George W. Maurer, and the Fidelity & Guaranty Company of Maryland, on his official bond as treasurer of that county to recover the sum of $1,388.76, alleged to have been retained by him for the payment of his assistants, in excess of the fees actually earned, received and collected by him as such officer during the term of his office. There was a trial to the court on an agreed statement of facts, which resulted in a finding and judgment for the county, from which the defendants bring error.

The court found the undisputed facts in substance as follows: That the county of Gage had a population of more than 25,000 inhabitants during the years of Maurer's official incumbency; that he was elected treasurer of Gage county for the term composed of the years of 1898 and 1899; that he duly qualified and held the office of county treasurer for said term; that the Fidelity & Guaranty Company of Maryland, George L. Platt and Lester L. Price were sureties on his official bond, which contained the usual provisions, and which was duly approved and accepted by the county board of Gage county; that during his term of office Maurer, as county treasurer, made out and filed with the county clerk, every three months, a quarterly report as required by the statute, showing the fees of his office and from what source obtained, and fully complied with the statute in that regard; that he made out and filed his semiannual statements in accordance with law, which showed the true condition of his office as county

treasurer; that for 2 years during which he held the office he received as total fees the sum of $7,736.92, and out of this amount he retained the sum of $6,000 as his personal salary, and the remainder of $1,736.92 he credited to the general fund of the county; that out of said general fund he paid the help of the office, during said 2 years, the sum of $3,125.68; that the amounts paid to himself as treasurer and to his clerks and assistants during said 2 years exceeded the fees and commissions of his office for that term by the sum of $1,388.76; that the county board of the plaintiff county, after knowing all of the foregoing facts, made semiannual settlements with Maurer, and at the conclusion of his said term of office, with said knowledge, made a full and complete settlement with him as county treasurer, and allowed him $6,000 as his salary, and all of the amounts paid by him to his clerks and assistants, as charged in his official report; and the county board made said final settlement a matter of record in regular and open session; that in making said settlement there was no fraud practiced, mistake made or imposition imposed, either by said county treasurer or the county board; that no more clerks and assistants were employed in the treasurer's office during said term than were actually necessary and were approved of by the county board; and no more money was retained by the treasurer, for the purpose of paying his clerks and assistants, than was actually paid to them, and that his office was run in an economical manner.

On these facts, as a conclusion of law, the court held that the county treasurer's office in the county of Gage is strictly a fee office; that Maurer as county treasurer was not entitled to any compensation for himself, his clerks and assistants beyond the fees earned, collected and paid out by him in discharging the duties of his office; that the settlement made with him as county treasurer by the county board, in so far as he was allowed any sum of money in excess of the fees actually received by him in his office as compensation for either himself or his clerks

and assistants, was absolutely void for want of power in the board to make such allowances. The court further found that the amount due from the defendants to the plaintiff county, including interest, was the sum of $1,592.09, for which judgment was rendered against the defendants. It will be observed that the plaintiffs in error relied on the defense of settlement in the court below; and they now contend that the county board having settled with the treasurer quarterly, semiannually and finally at the end of his term, and having allowed him to retain the amount in dispute—although it is admitted that such sum was in excess of the amount of fees earned and collected by his office during the term in controversy—such settlement constitutes a complete defense herein, and the county cannot maintain the action. This is the only question presented for our consideration, and its determination requires a construction of section 42, chapter 28 of the Compiled Statutes of 1901 (Annotated Statutes, 9069), together with the legal effect of the settlement in question herein. The section in question provides:

"That in counties having over 25,000 inhabitants the county treasurer shall receive the sum of three thousand ($3,000) dollars per annum, and shall be furnished by the county commissioners the necessary clerks or assistants whose combined salary shall not exceed the sum of two thousand four hundred ($2,400) dollars per annum. * * * That if the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants or deputies, then such officers may retain an amount necessary to pay for such assistants or deputies not exceeding the sum of seven hundred ($700) dollars per year for each of such deputies or assistants, except in counties having a population over sixty thousand (60,000) inhabitants, in which case such officer may retain such amount as may be necessary to pay the salaries of such deputies or assistants as the same shall be fixed by the county board; but in no instance shall such officers receive more than the fees by them respectively and

actually collected, nor shall any money be retained for deputy service unless the same be actually paid to such deputy for his services; *and provided further,* that neither of the officers above named shall have any deputy or assistants unless the board of county commissioners shall, upon application, have found the same necessary; and the board of county commissioners shall in .all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are to receive."

The statute above quoted, as it appears in the Compiled Statutes of 1901, clearly provides that in counties having more than 25,000 and less than 60,000 inhabitants the county treasurer shall receive a salary of $3,000 a year, together with such an amount as may be allowed him by the county commissioners for assistant or clerk hire, not exceeding $2,400 per annum, and he is authorized to retain such sum on express condition, however, that the fees actually earned and collected by him during the current term of his office are equal to or greater than those amounts. It thus appears that by positive provision of law the treasurer and his clerks and assistants can in no case receive more for their services than the amount of fees actually earned and collected by him.

It is strenuously urged, however, that the county board being invested with the power to settle accounts against the county, the settlements pleaded and established in this case are binding on the county, and that it is estopped thereby from prosecuting this action. We are not without authority on this question. In *Mitchell v. Clay County,* 69 Neb. 779, it was held:

"When the law commits to an officer the duty of looking into facts and acting upon them, not in a way which it specifically directs, but after a discretion in its nature judicial, the function is *quasi* judicial. * * * County commissioners act *quasi* judicially in passing upon claims against the county whenever their action is not merely a formal prerequisite to the issuance of a warrant, but in-

volves the determination of questions of fact upon evidence, * * * or the exercise of discretion in ascer-taining or fixing the amount to be allowed. But they have no judicial power or discretion as to interpretation of the law. * * * Whenever the course to be pursued or the amount to be allowed is fixed by law, they must follow the law, and their acts in so doing or endeavoring so to do are ministerial only. * * * The action of county commissioners in adjusting the accounts of county officers under sections 43 and 44, article I, chapter 18, Compiled Statutes, 1901, is ministerial only."

In that case all of our former decisions on this question are reviewed, compared and distinguished, and as a result of such review the foregoing rules were announced. We are satisfied with the reasoning contained in the opinion in that case, and are thereby firmly committed to the rule that a county board has no power to settle with a county officer, and allow or pay him any greater sum as fees or salary than the amount fixed by law, because in so doing the board would, in effect, fix the fees of the officer, usurp an authority nowhere delegated to it by law, and thus abrogate the plain provisions of the statute. It is clear that in making such settlements county boards act in a ministerial capacity only, and if they exceed the authority conferred on them by law, by allowing fees to county officers in excess of the amount fixed by statute, such settlements are void, and constitute no defense to an action brought by the county to recover such excess allowed thereby. *Hazelet v. Holt County*, 51 Neb. 716; *Bush v. Johnson County*, 48 Neb. 1; 32 L. R. A. 223; 58 Am. St. Rep. 673.

This holding in no way conflicts with the rule laid down in our former decisions, wherein it is held that a settlement with a county board of all matters wherein a judicial discretion is or may be exercised is binding on the county, and unless set aside on appeal or error will, in the absence of fraud or mistake, constitute a complete defense to any action where the matters embraced in such settlement are involved.

For the foregoing reasons, we hold that the judgment of the district court was right, and the same is hereby

AFFIRMED.