JOHN POWER v. DOUGLAS COUNTY.

FILED FEBRUARY 8, 1906. NO. 14,116.

1. **Officers:** COMPENSATION. A public officer is required to perform the duties of his office for the compensation fixed by law, and must look to the statute for compensation.

2. **Fees.** Where the law fixes the source to which a public officer is to look for compensation, as, for example, the fees of his office, he must look to such source alone.

3. **Sheriffs:** FEES. The provisions of section 42, chapter 28, Compiled Statutes 1903, not only limit the salary of sheriff to a certain sum per annum, but require him to look to the income of his office for such salary and the salaries of his deputies.

4. Persons summoned by the sheriff, under his authority to summon the power of the county, are not deputies in the proper sense of the term, and the sheriff is not liable to them for compensation.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Smyth & Smith,* for plaintiff in error.

*W. W. Slabaugh* and *F. A. Shotwell, contra.*

ALBERT, C.

The district court sustained a general demurrer to plaintiff's petition, and judgment went accordingly. The plaintiff brings error.

The question presented by the record is whether a county having over 60,000 inhabitants is liable to the sheriff for salaries paid by him to his deputies, where the fees of his office, after deducting his own salary, are insufficient for that purpose. The rule is well settled that a public officer is required to perform the duties of his office for the compensation fixed by law. He must perform every service required of him by law, and must look to the statute for compensation. *State v. Meserve,* 58 Neb. 451; *State v. Silver,* 9 Neb. 85; *Bayha v. Webster County,* 18 Neb. 131; *Adams County v. Hunter,* 78 Ia. 328; *City of Decatur v. Vermillion,* 77 Ill. 315; *Troup v. Morgan County,* 109 Ala. 162; *Sampson v. Rochester,* 60 N. H. 477. As a corollary to the foregoing proposition, it would follow, and it has been held, that where the compensation of an officer is to be paid out of a particular fund, as, for example, the fees of his office, he must look to that fund. *Gage County v. Wilson,* 38 Neb. 165; *Gage County v. Wilson,* 38 Neb. 168; *Wolfe v. Kyd,* 46 Neb. 292; *Maurer v. Gage County,* 72 Neb. 441; *Lethbridge v. New York,* 133 N. Y. 232.

Section 42, chapter 28, Compiled Statutes 1905 (Ann. St. 9069), is a part of the act to regulate the fees of certain

county officers, enacted in 1877. The act has been frequently amended, the last amendment having been enacted in 1905. It will not be necessary to notice the changes made by the amendments at this time, and for present purposes we may take the act as it now stands. The section referred to requires the sheriff and certain other officers to pay into the county treasury all fees earned by them in excess of the amounts which, by the provisions of that section, they are permitted to retain as their official salary and the salaries of their deputies and assistants. This section allows a sheriff a salary of $2,500 per annum, the necessary jail guard, and one deputy; the salary of the latter being fixed at $900 per annum. The section further provides: "That if the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants or deputies, then such officer may retain any amount necessary to pay for such assistants or deputies not exceeding the sum of seven hundred (700) dollars per year for each of such deputies or assistants except in counties having a population of over 18,000 and less than 25,000 inhabitants; in which case such officers may retain any amount of fees collected sufficient to pay the salaries of such deputies and assistants, not exceeding the sum of one thousand (1,000) dollars per annum, for each of said deputies, except in counties having a population of over 60,000 inhabitants, in which case such officers may retain such amount as may be necessary to pay the salaries of such deputies or assistants, as the same shall be fixed by the county board; but in no instance shall such officers receive more than the fees by them respectively and actually collected." The obvious effect of this section is, not only to limit the compensation of the several officers to a fixed sum, but to require them to look to the income of their respective offices for such compensation. Such was the construction placed upon it by this court in the cases cited *supra*.

But it is contended that the section referred to, so far as it relates to the sheriff, must be read in connection with

section 119, article I, chapter 18, Compiled Statutes 1905 (Ann. St. 9211), which authorizes him to summon the power of the county when he deems it necessary to preserve the peace, and section 4, chapter 24, Compiled Statutes 1905 (Ann. St. 9255), which empowers him to appoint "such number of deputies as he may see fit." So far as concerns the authority of the sheriff to summon the power of the county, it will suffice to say that he is not liable, and never has been, at least in modern times, to the persons thus summoned for their fees or compensation, if, indeed, they are legally entitled to any. Such persons are not deputies in the proper sense of the term, and the question of their compensation does not concern the sheriff, nor is it involved in this case. So far as concerns section 4, chapter 24, it stands just as it stood in chapter 15 of the Revised Statutes of 1866. At that early day the sheriff was required to look to the fees of his office for his own compensation and that of his deputies. This is not only a matter of history, but is clearly implied from section 6 of the same chapter, which is still a part of the laws of the state (Comp. St. ch. 24, sec. 6; Ann. St. 9257), which provides: "When a county officer receiving a salary and no fees is compelled by pressure of business of his office to employ a deputy, the county commissioners may make a reasonable allowance to such deputy." As the fees of the sheriff, then as now, were fixed by law, and he received no salary, he was not included in this provision, and the affirmative grant of authority to the county board to make an allowance for one class of deputies impliedly negatives its authority to make such allowance for those not included in that class. It would seem to follow, then, that if we should take section 4, *supra,* in connection with section 42, *supra,* of the act regulating the fees of the sheriff and other county officers, which is the later enactment, the most that can be claimed for the plaintiff is that, while he had authority to appoint such number of deputies as he saw fit, he was obliged to look to the fees of his office for their compensation. That being true, taking into account the nature of

plaintiff's claim, the effect of the enactment of the act regu-
lating the sheriff's fees on section 4, allowing him a free
hand as to the number of deputies, is not necessarily in-
volved at this time.

There is some suggestion in the argument of a contractual
liability on the part of the county to the plaintiff. But
there can be no such liability. Aside from the invalidity
of a contract between the county board and a county officer
(*Wilson v. Otoe County*, 71 Neb. 435), a county board has
no authority to provide other or different compensation
than that fixed by statute.

The petition presents no theory upon which a recovery
could be had, and the demurrer was properly sustained.

It is recommended that the judgment of the district court
be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is

AFFIRMED.