ANDREW J. PETHOUD, APPELLEE, V. GAGE COUNTY; B. C. BURKETT, APPELLANT.

FILED FEBRUARY 20, 1909. No. 15,557.

1. **Counties: CONTRACTS.** G. county was engaged in litigation in the district court involving fraud in bridge contracts. The county board adopted a resolution authorizing the county attorney to call to his assistance competent persons to examine the bridges and check up the claims which had been allowed and were pending on bridge contracts in that county for the preceding four years. He called to his aid one P., who was at that time county surveyor. The services were performed, and P. filed a claim with the county board for payment therefor. His account was allowed. B., a taxpayer, appealed from the order of allowance to the district court. The claimant there had judgment. On appeal to this court, *held*, that the transaction was not within the inhibition of section 4469, Ann. St. 1907, and that the claimant was entitled to recover the value of his services.

2. **Case Distinguished.** *Wilson v. Otoe County*, 71 Neb. 435, distinguished.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

35

*A. D. McCandless,* for appellant.

*E. O. Kretsinger, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Gage county.

It appears that in the year 1906 certain actions were pending in the district court for that county relating to frauds in bridge building, in which the interests of the county were at stake; that on the 16th day of June of that year the county board duly adopted a resolution authorizing the county attorney to take such steps and employ such means as were necessary for the purpose of checking up all claims, either pending or which had been settled, and examining all bridges that had been constructed for the county during the preceding four years. Thereupon the county attorney requested the plaintiff, now the appellee, and another to perform such work. The services were duly performed, and the plaintiff presented a bill to the county board for the time spent in the field while making his examinations, which was allowed and paid. He thereupon prepared and furnished to the county attorney for the use of the county in conducting said litigation a written report of the conditions found by him, and presented his claim therefor, amounting to $67.50, to the county board, which was also allowed. The objection interposed to the claim was that the plaintiff at the time he performed the services was the county surveyor of Gage county. From the order of allowance one Burkett, as a taxpayer, appealed to the district court. A trial in that court resulted in a judgment for the plaintiff, and Burkett has brought the case here for review.

The defense in the district court was based on the provisions of section 4469, Ann. St. 1907, which reads as follows: "No county officer shall in any manner, either directly or indirectly, be pecuniarily interested in or re-

ceive the benefit of any contracts executed by the county
for the furnishing of supplies, or any other purposes;
neither shall any county officer furnish any supplies for
the county on order of the county board without contract."

Appellant now rests his case, to use his own language,
"upon the single question: Is the county surveyor a
county officer within the meaning of the section above
quoted." Our attention is directed to certain authorities
defining the term "county officer," and the case of *Wilson
v. Otoe County*, 71 Neb. 435, is cited as requiring a re-
versal of the judgment of the trial court. That was a
case where the plaintiff, who was the county attorney of
Otoe county, while holding that office, followed certain
litigation from the district court of his county to this
court, and where he also prepared and filed a petition for
the defendant in an action which it brought in another
county, but did not conduct the litigation which followed.
His action was brought to recover the reasonable value
of his services in the matters above mentioned. The dis-
trict court sustained a demurrer to his petition, and ren-
dered a judgment for the defendant. This court affirmed
that judgment, and, by so much of that decision as was
material to that controversy, held that a contract between
a county and one of its officers whereby such officer under-
takes to perform extra-official services, for which the
county undertakes to pay him a compensation in addition
to the fees or salary allowed him by law is in violation of
the section above quoted, and will not support an action
for such extra compensation. We approve of the rule
thus announced, and generally of the reasoning contained
in that opinion, and it is not our purpose at this time to
in any way weaken the force or effect of that decision. It
appears, however, that the district court was of opinion
that the nature of the plaintiff's office and the services
rendered to the defendant were such as did not fall within
the inhibition of the statute. In a written opinion filed
by the trial court in this case it was said: "If the county
desires the services of the county surveyor, it obtains the

same in the same manner as does any private citizen, and pays the compensation fixed by law to all alike. The surveyor is independent of the county. He owes no duty to the county which he does not also owe to every other citizen of the county. He has no part in the management of the county or its affairs. He can aid no other officer of the county in the matter of contracts or official services. He is not one of the cogs in the wheel that turns the affairs of the county. He is simply an official designated by law to do a certain class of work for the public. In name he is a county officer, but in the sense in which the term is used in the section of the statutes above quoted he is not a county officer. His office brings him within the technical letter of the statute, but his official functions leave him clearly without its spirit and purpose. The case of *Wilson v. Otoe County*, 71 Neb. 435, holds any contract between the county and one of its officers whereby such officer undertakes to perform *extra-official* services, for which the county undertakes to pay him compensation in addition to the fees and salary allowed him by law, clearly void. But here the officer contracting with the county receives from the county no fees or salary except as he receives them from every other citizen of the county for similar services performed, and it is clear to my mind that the legislature never intended the prohibition contained in this section should extend to officers situated as the county surveyor is in this action." The foregoing meets with our entire approval. It may be further said that the claim in this case was not for extra-official services performed by the plaintiff as county surveyor, but was for work and labor performed by him as an individual, which had no reference to and was no part of the duties of his office. The work could have been performed by any one possessing the requisite qualifications, and it is quite probable that the reason the county attorney called the plaintiff to his assistance was because of his qualifications, and regardless of the fact that he was at the time the county surveyor. That the county attorney found plaintiff quali-

fied to assist him in his work was merely a coincidence, and it is quite clear that, if the services had been performed by another not the county surveyor, no question would have been raised as to the county's liability therefor. We are not prepared at this time to hold that the mere fact that plaintiff was the county surveyor prevented him from performing work and labor for the county, which was no part of his official duties, and could have no reference whatever to his official position.

We are of opinion that the facts of this case are not within either the letter or the spirit of the statute; that they are not akin to any mischief which the statute was intended to prevent; that this case should not be ruled by *Wilson v. Otoe County, supra;* that the judgment of the district court was clearly right, and it is therefore

AFFIRMED.