HAROLD O. WOODS, COUNTY TREASURER, APPELLANT, V. BROWN COUNTY, APPELLEE.*

FILED JULY 20, 1933. No. 28575.

---

*Reversed on rehearing. See opinion, p. 692, *post.*

*William Ely*, for appellant.

*Ben H. Burritt, contra.*

Heard before GOSS, C. J., EBERLY, DAY and PAINE, JJ., and BEGLEY, LANDIS and MEYER, District Judges.

BEGLEY, District Judge.

This action is an appeal from a judgment of the district court for Brown county, Nebraska, sustaining the action of the county commissioners in the rejection of 216 salary claims against said county.

The evidence is not in dispute and was presented by an agreed stipulation. It shows that the plaintiff is the county treasurer of Brown county, Nebraska, and that the various claims are for salaries due the various county officials of said county from February 1, 1930, to July 21, 1931, and that said salaries as shown by said claims were valid obligations against said county; that some time prior to the month of February, 1930, the condition of the funds of Brown county was such that 85 per cent. of the levy made for the general fund was about to become exhausted and there was no method for the immediate payment of said officers' salaries; that the county treasurer had in his hands a large sum of money in certain sinking funds belonging to the various subdivisions of Brown county. It was arranged by the county treasurer and the board of county commissioners that the said treasurer would take assignments from the various county officers for their salary claims, provided same were duly signed by the said officers and approved by the county board; that he would pay the said claimants the amount of their claims out of the sinking funds in his hands, and that said claims would be allowed by the county board and warrants issued therefor, whenever the proper funds were available; that pursuant to this arrangement salary claims were duly filed by the respective claimants in the office of the county clerk and were approved by the county commissioners as correct, and were respectively assigned by the claimants to the treasurer; the county treasurer thereupon drew his check payable to said claimants for the amount of such claims and retained in his possession a true copy of such claims with such indorsement thereon, and said claims were retained by the county treasurer as cash items for the amount thereof and were

accounted by such county treasurer as cash; that the appellant herein came into office on January 8, 1931, and that at said time the previous treasurer, A. D. Kirkpatrick, held $13,779.48 of said claims as aforesaid, assigned to him, which he delivered to the appellant in lieu of that amount of cash shown to be then in his hands; that said appellant continued to handle said salary claims in the same manner as his predecessor and has continued to account for all of said assigned claims as cash on hand; has accounted to the state auditor of the state of Nebraska for said assigned claims as cash on hand, and no criticism thereof was made by said examiner until the month of June, 1931, when said examiner informed the appellant to discontinue the same, and suggested that a judgment levy be made to pay said claims; that said claims amount at this time to the sum of $22,016.76.

The appellant herein, the county treasurer, filed said assigned claims before the board of county commissioners of Brown county, Nebraska, and on the 3d day of May, 1932, said board rejected and disallowed each and all of said claims. The appellant, the county treasurer, thereafter appealed said action to the district court for Brown county, Nebraska, and the county of Brown filed an answer in which it admitted the correctness of said claims and the assignment thereof to the county treasurer and alleged that same were disallowed by the county board for the reason that the general fund of said county had on said date no funds with which to pay said claims or any of them. A jury was waived and the district court entered judgment for the defendant holding that the transaction constituted a payment of said salary claims, and that the plaintiff, as county treasurer, and his predecessor in office acquired no title, right or ownership in and to said claims and could not maintain this action; that the payment by the plaintiff and his predecessor in office of said salary claims out of sinking funds was an unauthorized act and in violation of the laws of the state

then in force and dismissed the plaintiff's action. The plaintiff, as county treasurer, has appealed to this court.

The appellee has not seen fit to favor us with a brief attempting to set forth any theory on which the judgment of the district court might be sustained. We think that a case involving so important a question of expenditure of public funds, as the one at issue in this case, is deserving of some attention on the part of the county of Brown.

The appellant contends that there was no issue raised in the case in the lower court and he should have had judgment in his favor on his motion to that effect, but we think under the stipulation of facts, upon which the case was heard, that there was sufficient evidence as to the payment of the claims to challenge the attention of the court. The burden was on appellant to show some amount was due him. It must be borne in mind that no claims were filed with the county commissioners and audited by that body and no warrant issued authorizing the payment of the same out of the general fund of the county.

The county treasurer is a ministerial officer only, charged with many duties, and without judicial power to pass on the validity and regularity of the acts and proceedings of other officers. 15 C. J. 511.

Section 26-1301, Comp. St. 1929, provides: "It shall be the duty of the county treasurer to receive all money belonging to the county, from whatsoever source derived, and all other money which is by law directed to be paid to him. All money received by him for the use of the county shall be paid out by him only on the warrants issued by the county board according to law, except where special provision for the payment thereof is or shall be otherwise made by law."

Section 26-1302, Comp. St. 1929, provides, that when there is not sufficient funds in the treasury to pay the same, all warrants issued by the county board shall, upon being presented for payment, be indorsed by the treasurer,

"not paid for want of funds," and warrants so indorsed shall draw interest from the date of such indorsement. Thus we find that the county treasurer can only pay out money on warrants issued by the county board according to law, and when there is no money in his hands, to indorse the same, "not paid for want of funds."

Section 26-115, Comp. St. 1929, provides: "Upon the allowance of any claim or account against the county, the county board shall direct the county clerk to draw a warrant upon the county treasurer in payment thereof: Such warrant to be signed by the chairman of the county board, except as hereinafter provided, and countersigned by the county clerk, and sealed with the county seal, but the same shall not be delivered to the party until the time for taking an appeal has expired."

Section 26-116, Comp. St. 1929, provides as follows: "It shall be unlawful for the county board of any county in this state to issue any warrants for any amount exceeding the aggregate of eighty-five per cent. of the amount levied by tax for the current year, except there be money in the treasury to the credit of the proper fund for the payment of the same; nor shall it be lawful for the county board to issue any certificate of indebtedness in any form in payment of any account or claim, nor to make any contracts for or to incur any indebtedness in any form in payment of any account or claim, nor to make any contracts for or to incur any indebtedness against the county in excess of the tax levy for county expense during the current year; nor shall any expenditure be made, or indebtedness be contracted to be paid out of any of the funds of said county in excess of the amount levied for said fund."

Section 26-117, Comp. St. 1929, provides: "Each warrant shall specify the amount levied and appropriated to the fund upon which it is drawn, and the amount already expended of such fund."

Section 26-119, Comp. St. 1929, provides that, before any claim against the county is audited and allowed, the claimant or his agent shall verify the same by affidavit,

and that all claims against the county must be filed with the county clerk.

Section 26-130, Comp. St. 1929, provides: "No county officer * * * shall in any manner, either directly or indirectly, be pecuniarily interested in or receive the benefit of any contracts executed by the county for the furnishing of supplies or any other purpose."

The case of *State v. Scotts Bluff County*, 64 Neb. 419, lays down the rule that the county commissioners must first draw a warrant before money can be paid out by the county treasurer.

In *Citizens Bank v. Williams*, 134 Ga. 312, it was held that a county treasurer has no authority to liquidate claims against the county.

In this case the county treasurer, without the claims having been audited and allowed by the county board, and a warrant drawn, directing him to pay the same out of the general fund of the county, himself attempted to liquidate the claims and to pay the same, not from the general fund which was depleted, but from special sinking funds which he held in his possession for the benefit of various subdivisions of the county. We think this was clearly illegal and without color of authority, and an attempt to exercise independent powers in regard to the payment of claims.

In *State v. McCollough*, 85 Mont. 435, 66 A. L. R. 1033, it was held that a public officer cannot lawfully act as the agent of a person where the private agency comes in conflict with his official duties.

The county treasurer's duty as to the payment of public money being prescribed by statute, he cannot pay out the public funds entrusted to his custody in an unlawful and unauthorized manner, take an assignment of the claim and attempt repayment from the county, unless the said sinking funds are reimbursed prior thereto.

However, we are not concerned with the effect of the treasurer's acts in this case. It is clearly shown that the claims were paid from the county treasury, and as there

is no issue as to the liability of the treasurer to the county, we express no opinion upon this point.

The judgment of the district court is therefore

AFFIRMED.