REQUESTED BY: Senator Lowell Johnson Nebraska State Legislature 1012 State Capitol Lincoln, Nebraska 68509
Dear Senator Johnson:
You have asked for comments on a Grand Jury report and recommendations for remedial legislation. Both requests dealing with Neb.Rev.Stat. § 23-146 (Reissue 1977).
With respect to your first question, we have reviewed Neb.Rev.Stat. § 23-146 and, frankly, are unable to say that it is so ambiguous or difficult to interpret as to be useless. In fact, the section has been before the Nebraska Supreme Court on three separate occasions Woods v. BrownCounty, 125 Neb. 256, 249 N.W. 601 (1933); Pethoud v.Gage County, 83 Neb. 497, 120 N.W. 254 (1909); Wilson v.Otoe County, 71 Neb. 435, 98 N.W. 1050 (1904). Additionally, the statute and its predecessors have been in effect since 1879 with very few amendments. Furthermore, this office has issued at least 20 opinions discussing the perimeters and effect of this statute including Opinion No. 184, Report of the Attorney General 1981-1982, to Senator Kahle in the last legislative session. In that opinion we stated:
 We are appreciative of the fact that you may wish to clarify what is meant by pecuniary interest and attempt to define those relationships which would result in an impermissible pecuniary interest, however we believe that it would be extremely difficult to itemize in statutory language a list of such factors, relationships or circumstances. While it appears extremely difficult to generalize in this area, it is usually possible when examining a particular set of facts to render a legal judgment as to whether or not such an arrangement would be impermissible under the statute. Therefore it may be that county officials would benefit from presenting such potential factual circumstances to their county attorney in advance of taking any action in an attempt to obtain from him his best judgment as to the acceptability of those particular facts.
Thus, we believe it is accurate to say that this statute is susceptible of interpretation and, indeed, has been interpreted over time without great difficulty.
With respect to your second question, we would at this time not have any comments or suggestions for remedial legislative action. Should you wish to develop such language or to work with a view toward amending the statute, we will be happy to work with you in this regard at that time.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General